UNITED STATES v. FRIEDMAN.

(District Court, W. D. Tennessee, W. D.   June 1, 1915.)

No. 319.

POISONS ⬤⇒9—REGULATION—STATUTORY PROVISIONS.

Harrison Anti-Narcotic Law (Act Dec. 17, 1914, c. 1), § 2, 38 Stat. 786, making it unlawful for any person to sell or give away any of the enumerated drugs, except on a written order of the person to whom the article is sold or given, and requiring every person who shall accept any order, and sell or give away any of the drugs, to preserve the order for two years, and declaring that every person who shall give an order for any of the drugs shall make a duplicate thereof, and on acceptance of order shall preserve the duplicate for two years, providing that nothing shall apply to the dispensing of any of the drugs to a patient by a physician, provided the physician keeps a record of all drugs dispensed or distributed, showing the amount thereof, the date, and the name and address of the patient, unless the physician administers the same to the patient, does not limit the amount of drugs a physician may prescribe, and an indictment charging defendant with prescribing drugs in quantities more than was necessary for the immediate needs of his patient, and not in good faith, is subject to demurrer.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. ⬤⇒9.]

Benjamin Friedman was indicted for violation of the Harrison Anti-Narcotic Law. Indictment quashed, on sustaining demurrers.

Hubert F. Fisher, U. S. Dist. Atty., and W. D. Kyser, Asst. U. S. Dist. Atty., both of Memphis, Tenn.

Ralph Davis, of Memphis, Tenn., for the defendant.

McCALL, District Judge. The indictment in this case charges the defendant with having dispensed, distributed, and prescribed gum opium and powdered opium, the derivatives, compounds, and preparations thereof, to wit, morphine sulphate, heroin, and cocaine, a deriva-

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tive of coca leaves, without the dispensing, distribution, and prescription as aforesaid being in the course of his professional practice; that is to say, that he dispensed, distributed, and prescribed the aforesaid drugs *in quantities more than was necessary* to meet the immediate needs of a patient, and did not distribute, dispense, and prescribe the drugs *in good faith and as a medicine.*

The defendant demurs to the indictment upon seven grounds. The first five are overruled. The sixth and seventh will be considered together, and are to the effect that the acts of the defendant averred in the indictment are not prohibited by law, nor are they in violation of any law of the United States.

The indictment is drawn under section 2 of the act of Congress approved December 17, 1914, known as the Harrison Anti-Narcotic Law. Section 2 provides: (1) That it shall be unlawful for any person to sell, barter, exchange or give away any of the drugs mentioned in the act, except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given. (2) Every person who shall accept any such order, and in pursuance thereof shall sell, barter, exchange, or give away any of the aforesaid drugs, shall preserve such order for a period of two years. (3) Every person who shall give an order as therein provided to any person for any of the aforesaid drugs shall, at or before the time of giving such order, make or cause to be made a duplicate thereof, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue, and in case of acceptance of such order shall preserve such duplicate for a period of two years. It is further provided that:

Nothing contained in section 2 shall apply to the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist or veterinary surgeon, registered under the provisions of the act, in the course of his professional practice only: Provided, that such physician, dentist or veterinary surgeon shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date and the name and address of the patient, to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient, upon whom such physician, dentist, or veterinary surgeon shall personally attend, and such record shall be kept for a period of two years from the date of dispensing or distributing such drug.

An attentive examination of the indictment discloses that the offense with which the defendant is charged is dispensing, distributing, and prescribing the prohibited drugs in *quantities more than was necessary to meet the needs of a patient*, and that they were not distributed, dispensed, and prescribed *in good faith* and as a medicine.

As I understand section 2 of the act, the only thing required of a person, who shall give an order as provided in said section for the drugs mentioned in the act, is that he shall make or cause to be made, at the time of giving the order, a duplicate thereof, on a form issued by the Commissioner of Internal Revenue, and in case of the acceptance of said order he shall preserve such duplicate for two years. The defendant is not indicted for failure to do either of these last-mentioned things.

Subsection "a" of section 2 provides that nothing contained in the section shall apply to physicians, dentists, or veterinary surgeons, reg-

istered under the act, who dispense or distribute any of the drugs in the course of their professional practice, provided that they shall keep a record of all of such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed, unless the physician shall administer them personally to the patient. But the defendant is not indicted for violation of subsection "a," but, as has been said, he is indicted for giving a prescription for said drugs *in quantities more than was necessary, and not in good faith and as a medicine.*

I fail to find in the act of Congress under examination any language making the doing of the things with which the defendant is charged a violation of law. In other words, there is no limit fixed to the amount of said drugs that a physician may prescribe, nor is there any duty imposed upon him, other than to keep a record of all such drugs dispensed by him, and the name and address of the patient, except those to whom he may personally administer, and that he must preserve the records for a period of two years. For failing to do either of these things he is not indicted.

The result is I think the sixth and seventh grounds of the demurrer are good, and an order will be entered quashing the indictment.