## UNITED STATES v. REYNOLDS.

(District Court, D. Montana. August 23, 1916.)

No. 2851.

POISONS ⬤�longrightarrow9—PRESCRIBING OPIUM—INDICTMENT—"DISPENSE."

The Harrison Law (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. 1916, §§ 6287g–6287q]), requiring nothing of physicians issuing prescriptions for opium, save that the physicians be registered, and the prescriptions be signed by the physicians and dated, and not limiting the amount which may be prescribed, an indictment merely charging defendant with giving a prescription for and so dispensing pounds of opium charges no offense; "dispense," as used in the act, relating to the actual delivery of the drug.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispense.]

J. B. Reynolds was indicted, and demurs to the indictment. Demurrer sustained.

B. K. Wheeler, U. S. Atty., of Butte, Mont.

J. G. Noren, of Great Falls, Mont., and S. C. Ford, of Helena, Mont., for defendant.

BOURQUIN, District Judge. The Harrison Law (Act Dec. 17, 1914) requires nothing of physicians issuing prescriptions for opium save that they, the physicians, be registered and the prescriptions be signed by the physicians and dated as of the day of such signing. By giving a prescription, the physician does not "dispense" opium, in the sense of the word as used in the said law. As therein used, "dispense" relates to actual delivery of the drug by the physician to the patient, from the former's office supply, generally, though not excluding other actual delivery. As defendant is not charged with having failed to so register or to so sign the prescription, he is not accused of any offense or violation of said law.

In said law is nothing prescribing quantities or forbidding prescriptions for the drug in any quantity. Any attempt to find it therein by construction or implication does violence to that elementary principle that, when Legislatures undertake to create offenses, it must be by language clear and definite, making it obvious to ordinary intelligence that by certain conduct an offense, and the offense denounced by the statute, is committed. Hence such construction or implication is never permitted. See United States v. Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061; United States v. Friedman (D. C.) 224 Fed. 276.

Defendant, charged with giving a prescription for and so dispensing pounds of opium, is not charged with any offense known to the law.

Demurrer sustained.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes