UNITED STATES v. YEE FING.

(District Court, D. Montana. April 3, 1915.)

No. 2554.

1. CONSTITUTIONAL LAW ⬅266 — POISONS ⬅2 — PRESUMPTIONS — STATUTORY PROVISIONS—DUE PROCESS OF LAW.

Act Feb. 9, 1909, c. 100, 35 Stat. 614 (Comp. St. 1913, §§ 8800, 8801), prohibiting the importation of opium after April 1, 1909, except that opium for medicinal purposes, and other than smoking opium can be imported under regulations, and providing that on a trial for unlawful importation of, or knowingly receiving, such opium, the possession thereof shall be deemed sufficient evidence to authorize a conviction, unless the defendant shall explain such possession to the satisfaction of the jury, and Act Jan. 17, 1914, c. 9, 38 Stat. 276, providing that all smoking opium found within the United States shall be presumed to have been imported after April 1, 1909, and that the burden of proof shall be on the claimant or the accused to rebut such presumption, are not invalid, as they merely provide for presumptions or prima facie proof sufficient to sustain a verdict for guilty, but which the jury need not accept as sufficient to satisfy them of accused's guilt beyond a reasonable doubt, and such presumptions do not deny due process of law, provided there is a rational connection between the facts proved and the facts therefrom inferred, and provided the party affected is free to oppose them.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 756; Dec. Dig. ⬅266; Poisons, Cent. Dig. § 1; Dec. Dig. ⬅2.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ⬤304—EVIDENCE— JUDICIAL NOTICE.
The court takes judicial notice that opium is not commercially a domestic product.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700–717, 2951½; Dec. Dig. ⬤304.]

Yee Fing was convicted of an offense, and he moves for a new trial. Motion denied.

B. K. Wheeler, U. S. Atty., of Butte, Mont., and H. G. Murphy, Asst. U. S. Atty., of Helena, Mont.

John W. Stanton, of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. This is a motion for a new trial. Defendant was charged with unlawful importation of smoking opium and with having knowingly received the same. The prosecution introduced evidence that November 21, 1914, in Anaconda, defendant, an aged Chinese garden and laundry laborer of many years' local residence, was taken with 2¾ pounds of smoking opium in his possession. Defendant testified that, about that time at night in an alley near China-town in Butte, upon an unknown white man's solicitation he purchased the opium, paying therefor $100. Thereupon, upon the prosecution's unopposed motion, the first charge was dismissed and upon the second charge was a verdict of guilty.

[1] Defendant's contention is that the evidence apart from statutory presumptions is insufficient to sustain the verdict, and that said presumptions should be rejected as unconstitutional in that their application deprives defendant of liberty and property without due process of law.

The statute of February 9, 1909, prohibits importation of opium after April 1, 1909, save that opium for medicinal purposes and other than smoking opium can be imported under regulations. Unlawful importation and knowingly receiving such opium are offenses and incur forfeiture and punishment, and upon trial therefor possession of such opium "shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain the possession to the satisfaction of the jury." 35 Stat. 614. The statute of January 17, 1914, provides that on and after July 1, 1913, all smoking opium "found within the United States shall be presumed to have been imported after the first day of April, 1909, and the burden of proof shall be on the claimant or the accused to rebut such presumption." 38 Stat. 276.

These statutes provide for presumptions or prima facie proof of the offense, which, while sufficient to sustain a verdict of guilty, may or may not be sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt. They are but what are commonly styled rules of evidence and not substantive law creating offenses, and do not deprive the jury of its function of weighing evidence and determining facts. Though the accused presents no evidence, the circumstances inevitably appearing in the prosecution's evidence may often be such that the jury will and should refuse to draw the inferences

these statutes authorize, but do not and probably could not command, in that it is not satisfied they should be drawn—not convinced that the accused is guilty beyond a reasonable doubt. Like presumptions are familiar to common and statutory law in England and this country, in the former prior to emigration of our ancestry and now. So too, to civil law. They dictate the burden of evidence as public policy may require. Conforming to ancient procedure, when not prohibited by Constitutions legislative bodies have power to create them, and in their application is "due process of law," provided there is rational connection between the facts proved and the facts therefrom inferred, that the inferences are not so unreasonable as to be mere arbitrary mandates, and that the party affected is free to oppose them. See Luria v. U. S., 231 U. S. 25, 34 Sup. Ct. 10, 58 L. Ed. 101, and cases cited. For other cases, see State v. Potello, 40 Utah, 56, 119 Pac. 1027.

The presumptions here involved, though beyond any in revenue laws or elsewhere brought to the attention of the court, appear to come within the limits of legislative power. Doubtless they go far to prevent possession, use, and intrastate traffic in opium, which are subject only to state police power; but this is only incidental to regulation of foreign commerce over which Congress has exclusive authority.

[2] The court takes judicial notice that opium is not commercially a domestic product. Perverted to evil uses, it is in general an outlaw. Its presence in this country, apart from statutes, is practically a conclusive presumption of importation. Presence and possession in the accused invoke the statutory presumption that he imported it or received it after importation. And since its importation is unlawful these six years, in view of its nature the statutory presumption that it was imported within said period and to the knowledge of any receiving it is not unreasonable to the extent hereinbefore indicated. This is not presumption upon presumption, for the inferences are created by legislative power and are not inferences of fact from inferred fact by the jury's unaided reason.

It is true, as urged, that the opium may have been imported before made unlawful, or it may have been grown in this country, or it may have been imported under regulations and here converted into smoking opium, or accused may have received it not knowing it was of unlawful importation, in either of which events no offense would have been committed. That is, possession and the statutory presumptions are not absolute proof of the facts constituting guilt. But absolute proof is never required, these suppositions are remote probabilities or negative, and in view thereof and of the nature of the thing the burden to make them or any of them so far appear that upon the whole case the jury entertains a reasonable doubt of accused's guilt as charged, under settled law in familiar and like cases may be by statute imposed upon accused. He who with safety would receive opium must have in mind these statutory presumptions of which he is charged with knowledge, and must so far ascertain its history and arm himself with evidence that he can sustain this burden. In this case, when defendant made the purchase he knew the opium was imported since April 1, 1909, and so, unlawfully, as that was the statutory presumption of

which he was charged with knowledge and which he was bound to assume until he was otherwise advised.

It is not as urged by way of analogy a case of an article of only beneficial use and produced at home as well as from abroad, wherein like presumptions might be held unreasonable and their application not "due process of law." It is a case of an article under the ban of the law save in exceptional instances.

The motion is denied.