THE UNITED STATES OF AMERICA *v.* YEE MUN WAI.

November 4, 1916.

1. *Courts—Number of Judges constituting:* Under the provision of the Organic Act, sec. 86 as amended, 35 Stat. 838, creating a United

States District Court for the Territory of Hawaii, to "consist of two judges" to have and exercise in that court all the powers conferred by the laws of the United States upon the judges of District and Circuit Courts of the United States, one such judge may carry on the work of the court even though there be a vacancy in the office of the other judge. Wherefore an indictment reported by the grand jury to such single judge presiding during a vacancy in the office of the other judge, is not supject to quashal on the ground that there is then no court.

2. *Indictment—Negativing matters of defense:* The fact that under the Act of January 17, 1914, 38 Stat. 275, amending the Act of February 9, 1909, 35 Stat. 614, prohibiting traffic in opium, opium other than smoking opium may be imported under certain regulations for medicinal purposes only, does not make it necessary for an indictment charging the unlawful importation of opium, to allege that the opium dealt with was smoking opium, or to negative the possible defense that the opium was within the excepted class of opium imported for medicinal purposes.

3. *Constitutional law—Due process of law—Statutory rules of evidence creating presumptions in criminal cases:* Section 2 of the Act of January 17, 1914, 38 Stat. 275, prohibiting traffic in opium, which in certain cases places the burden upon a person indicted under the Act of "explaining" his possession to the "satisfaction" of the jury, is not unconstitutional as requiring the accused to establish his innocence: the rule of presumption thus created is to be interpreted as subject to the rule of "reasonable doubt" under the general burden of proof in criminal cases, and the defendant's "explanation" in order to be "satisfactory" need only go as far as to raise such a doubt,—indeed, any doubt arising from the circumstances of the possession would itself satisfy the statute as regards the defendant's burden without any special explanation by him.

*Indictment:* Motion to quash.

*C. S. Davis (Thompson, Milverton & Cathcart* with him) for the motion.

*S. C. Huber,* U. S. District Attorney, and *S. B. Kemp,* Assistant U. S. Attorney, opposed.

CLEMONS, J.   This is a motion to quash an indictment charging violation of section 2 of the Act of January 17,

1914, 38 Stat. 275, amending the Act of February 9, 1909, 35 Stat. 614, prohibiting traffic in opium.

[1] The ground of the motion, that when the indictment was found, there was no District Court for this District, because there was then a vacancy in the office of one of the Judges, must be overruled. Though as counsel states, the provision of the Organic Act, sec. 86, as amended, 35 Stat. 838, is that this court shall "consist of two judges," these judges do not act together,—at least, in most of the court business, and its most important business, the concurring judgment of the two judges has never been required: when there are two judges they divide the work between them and each judge acts independently in the matters assigned specially to him. To read the statute according to counsel's contention would thus be to disregard the urgent reason for appointing a second judge, i. e., to facilitate the disposition of the growing business of the court,—which a court of two judges acting together would hardly accomplish any more than a court of one judge acting alone. And that two judges should be required to preside at trials or, as here, at the return of an indictment by a grand jury or while a grand jury is in session, would be so contrary to the established procedure in Federal courts as not to be presumed as contemplated by Congress; it being noted that the statute provides that these judges "shall have and exercise in the Territory of Hawaii all the powers conferred by the law of the United States upon the judges   .   .   . of District and Circuit Courts of the United States." It would be most unreasonable to read the statute so strictly as to put the court out of business pending a vacancy in the office of one judge, when the other judge is present and qualified to act.

[2] The ground of the motion based on failure of the indictment to allege that the substance dealt with by the defendant was smoking opium or to negative possible exceptions to the operation of the statute, is overruled. The

fact that in certain excepted cases opium other than smoking opium may be imported lawfully, is a matter of defense, which it is not necessary to negative in the indictment, especially as the allegation is that the opium was "imported and brought into the United States in violation of law." The indictment clearly alleges the doing of acts prohibited by the statute, and by that fact this case is distinguished from those cited, of *United States v. Woods*, 224 Fed. 278, and *United States v. Carney*, 228 Fed. 163.

The ground of vagueness, indefiniteness, etc., based upon drag-net allegations of the various acts of receiving, concealing, buying, etc., have been disposed of by repeated rulings of this court. See e. g. *United States v. Leau Hung*, 3 U. S. Dist. Ct. Haw. 552.

[3] The main ground of the motion is the unconstitutionality of the presumptions created by the statute from the fact of possession of opium (section 2 of the Act) or from the finding of smoking opium in the country after a certain date (section 3 of the Act). The statute reads:

"Whenever, on trial for violation of this section, the defendant is shown to have, or to have had, possession of such opium or preparation or derivative thereof, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain the possession to the satisfaction of the jury" (Sec. 2).

"On and after July first, nineteen hundred and thirteen, all smoking opium or opium prepared for smoking found within the United States shall be presumed to have been imported after the first day of April, nineteen hundred and nine, and the burden of proof shall be on the claimant or the accused to rebut such presumption" (Sec. 3).

The contention of unconstitutionality is based especially on section 2, in that the requirement of that section that a defendant shown to have been in possession of opium, shall "explain the possession to the satisfaction of the jury," is equivalent to compelling him to prove his innocence and is, therefore, not due process of law.

, This point ably presented by counsel, raises a question of apparent difficulty. See *City of Auburn v. Merchant*, 8 N. E., 484, 485 (N. Y.), also 8 R. C. L. 171-172; 10 Id. 863, sec. 6; 4 Wig. Ev. secs. 2494, 2513.

The difficulty is with the word "satisfaction" in the phrase "explain the possession to the satisfaction of the jury." Does this mean, as contended, that the defendant is required to explain beyond a reasonable doubt?—i. e., establish his innocence? If so, the validity of the statutory presumption might be questionable, as repugnant to principles of reason and justice. See *In re Wong Hane*, 108 Cal. 680. But, after all, the statute is to be upheld if possible (see *United States v. Jin Fuey Moy*, 241 U. S. 394, June 5, 1916), and it seems to this court reasonable to regard this presumption as at all times subject to and qualified by the never-shifting burden of proof upon the prosecution, of establishing guilt beyond a reasonable doubt: wherefore, the jury is to be "satisfied" with any explanation which raises a reasonable doubt of guilt,—for the prosecution fails to sustain its ever-continuing burden when the defendant's explanation causes such a doubt. See *People v. Cannon*, 34 N. E. 759, 762, col. 2 (N. Y.); 2 Chamberlayne, Ev. sec. 960.

Such appears to be the view of the court in *United States v. Yee Fing*, 222 Fed. 154, a case involving this very statute, though attention to the use of the words "satisfaction" and "explain" may not have been at all or so urgently directed as by counsel here, and the court's opinion does not explicitly, though it does impliedly, dispose of the question here raised on the strict implication of these words. Especial reference is hereby made to the opinion of Judge Bourquin at pages 155-157, especially to his opinion that quite apart from any "explanation" of the defendant himself, any doubt arising from or suggested by the circumstances of possession would itself be enough to satisfy the statute so far as regards the defendant's burden. And in

*People v. Cannon,* 34 N. E. 759 (N. Y.), Judge Peckham clearly indicates that in case of a statutory presumption in a criminal prosecution, the necessity of the defendant's "explaining" to the jury, does not avoid the rule of "reasonable doubt". Thus he says:

"A provision of this kind does not take away or impair the right of trial by jury. It does not in reality change the burden of proof. The people must at all times sustain the burden of proving the guilt of the accused beyond a reasonable doubt. It, in substance, enacts that, certain facts being proved, the jury may regard them, if believed, as sufficient to convict, in the absence of explanation or contradiction. Even in that case the court could not legally direct a conviction. It can not do so in any criminal case. That is solely for the jury, and it could have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, even though the statutory prima facie evidence were uncontradicted. The case of *Com. v. Williams,* 6 Gray, 1 supports this view. Without the aid of the statute, the presumption provided for therein might not arise from the facts proved, although the statute says they shall be sufficient to authorize such presumption. The legislature has the power to make these facts sufficient to authorize the presumption, (*State v. Mellor,* 13 R. I., at page 669), and the jury has the power, in the absence of all other evidence, to base its verdict thereon, if satisfied that the defendant is guilty. But the jury must in all cases be satisfied of guilt beyond a reasonable doubt, and the enactment in regard to the presumption merely permits, but cannot, in effect, direct, the jury to convict under any circumstances." (Page 762, col. 2.)

"Of course, the fact from which the presumption is to be drawn may exist without the existence of the main fact. That is true in all cases. In other words, the two facts are not necessarily inseparable. But in this case the fact of the possession of this kind of bottles by a dealer in second hand articles, without the written consent of the owner, while it may be innocent, yet the presumption of an unlawful use or traffic in them is not so forced or so extraordinary as to be regarded by sensible and unprejudiced men

as unreasonable or unnatural. It is some evidence of the main fact, and the strength of it is properly a matter for legislative enactment in the first instance, subject to its submission to the jury for its deliberation and determination. So the presumption, from the possession of certain birds out of season, that they were unlawfully killed or taken in the state, is not a certain presumption, in any sense. A person might, of course, have the birds, and have procured them in another state, and therefore not be guilty of a violation of the game law. Yet the presumption of a violation of the statute is not such a forced and unnatural one that the legislature may not enact that it shall be made, and thus leave the defendant to explain it." (Page 763, col. 1.)

And see Id., 763-764, discussing *Com. v. Kelly,* 10 Cush. 69, 70, and other Massachusetts cases, also see this case of *Kelly* at pages 69, 70, wherein it is held that the words of the statute "presumption that the defendant has not been licensed" to sell intoxicating liquors require the defendant to *prove* that he was licensed. Judge Peckham's opinion in the *Cannon* case may be summarized as holding that strict statutory rules of presumption of this kind are not to be taken unqualifiedly or without regard to the dominant rule of reasonable doubt.

*State v. Kyle,* 45 Pac. 147 (Wash.), involved a statute providing that proof of possession in certain cases should have the effect of throwing on the possessor the burden of explaining such possession. In reply to the contention of unconstitutionality in the casting of the burden of proof upon the accused, the court said, at page 148, col. 2:

"We are unable to agree with the contention that the other section referred to is unconstitutional. It is but an extension of the rule, which has long prevailed, that possession of property recently stolen is sufficient proof that the possessor is guilty of the crime to call upon him to explain his possession; and, so far as we are aware it has never been claimed that the holding of the courts, that such prima facie presumption flowed from the fact of pos-

session, infringed any constitutional right of the defendant."

*State v. Potello*, 119 Pac. 1023 (Utah), involved a statute very similar to section 2 of this act and provided that "possession of property recently stolen, when the party in possession fails to make a *satisfactory explanation*, shall be deemed prima facie evidence of guilt." Id., 1026, col. 1-2, 1029, col. 1. That provision was held to be valid, yet the court said:

"Not that the jury, on such proven facts [raising a prima facie case], though unrebutted or not discredited by circumstances, are required to convict if upon such proven facts they are not convinced beyond a reasonable doubt of the accused's guilt"—and, we would add, even the less, if upon the facts proven by defendant in explanation the jury are still not convinced beyond a reasonable doubt, i. e., in other words, if the explanation itself raises such a doubt. See Id., 1027-1028, par (3).

This decision may be referred to for its comprehensive statement of the limits of legislative power to prescribe rules of evidence. Within these limits, of reasonableness and fair relation between the ultimate substantive fact and the fact that is declared to be prima facie evidence thereof, the present statutory presumptions fall, as pointed out in the above case of *Yee Fing*, 222 Fed. 156.

And the Supreme Court of the United States also has the view, that where a presumption is raised, or a prima facie case made out against a person accused of crime, the duty upon him as to the burden of proof may be properly expressed by the words "explain" or "rebut" or even by the words "satisfactory explain." *Wilson v. United States*, 162 U. S. 613, 619, 620. The persistence of the rule of reasonable doubt may, it seems to us, be always implied in such cases. The court just cited goes a good way towards suggesting this when it says, at page 620: "The trial judge did not charge the jury that they should be *controlled* by the presumption arising from the fact of the possession of

property of one recently murdered, but that they might consider that there was a presumption and act upon it, unless it were rebutted by the evidence or the explanation of the accused." See, also, *Chaffee v. United States,* 18 Wall. 516, 545.

The cases of *Brooke v. People,* 48 Pac. 502 (Colo.), *Campbell v. State,* 49 N. E. 905 (Ind.), *State v. Briscoe,* 50 Atl. 271, 273 (Del.) and *State v. Carr,* 57 Atl. 370-371 (Del.) are referred to as suggestive of support to this statute, and the first of these cases as tending to sustain our view as above indicated. They offset suggestions of argument for the present motion which may be founded on such cases as *Van Straaten v. People,* 26 Colo. 184, 56 Pac. 905, and *Hoge v. People,* 117 Ill. 35, 6 N. E. 796, cited in 2 Chamberlayne, Ev., sec. 1130 b.

No attempt has been made herein, and none was necessary, to show that Congress could, even, go so far as to impose an absolute burden of explanation in disregard of the rule of reasonable doubt. In any event, cases under statute, as here, may possibly be distinguished from other cases as being on a stronger basis. See *Chaffee v. United States,* 18 Wall. 545-546.

What has been said above disposes of the objections to the rule of presumption created by section 3 of the Act.

In accordance with the foregoing opinion the motion to quash is denied.