## UNITED STATES v. AH HUNG.

(District Court, E. D. New York. June 27, 1917.)

1. POISONS ⊕⇒2—STATUTES—VALIDITY.

Act Jan. 17, 1914, c. 9, § 2, 38 Stat. 275 (Comp. St. 1916, § 8801), which supplanted Act Feb. 9, 1909, c. 100, § 2, 35 Stat. 614, declares that importation of smoking opium shall be unlawful, that the importation, concealment, receipt, or sale of opium known to have been imported contrary to law shall expose the person dealing therewith to punishment, and that possession of opium shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain possession to the satisfaction of the jury. Section 3 of the same act declares that after July 1, 1913, all smoking opium found in the United States shall be presumed to have been imported after the law Act Feb. 9, 1909, went into effect. *Held* that, in view of the power of Congress over commerce foreign and interstate, such law is constitutional.

2. POISONS ⊕⇒4—STATUTES—VALIDITY.

Defendant was charged with the willful and conscious concealment of smoking opium with knowledge that it had been imported contrary to law. Harrison Act Dec. 17, 1914, c. 1, § 8, 38 Stat. 789 (Comp. St. 1916, § 6287n), relating to the possession of opium and coco leaves and their derivatives, and to the dispensation of such drugs, declares that it shall be unlawful for any person not registered to have in his possession such drugs. *Held* that, though the latter section was construed to relate only to drugs specified in the registration provision, and though mere possession of an article injurious to health will not render a person liable under federal statute unless some constitutional basis for the statute gives the United States the right to regulate upon the subject, nevertheless accused, having possession of such opium though he obtained it from a source having no apparent connection with any drug importation, is liable under Act Jan. 17, 1914, §§ 2 and 3, unless he can rebut the presumption of unlawful importation.

3. CRIMINAL LAW ⊕⇒95—JURISDICTION OF FEDERAL COURT.

The jurisdiction of the federal courts over a prosecution against one charged with the unlawful possession of smoking opium is not exclusive, and, where he appeared to have obtained it from a source having no apparent connection with direct importation, the United States district attorney may allow the offense to be dealt with under the state health statutes.

---

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Ah Hung, alias Harry Wing, was charged with crime, and defendant made objections to the jurisdiction. Objection over-ruled, and defendant required to plead.

Melville J. France, U. S. Atty., of Brooklyn, N. Y.
Amy Wren, of Brooklyn, N. Y., for defendant.

CHATFIELD, District Judge. Objection has been raised to the exercise of jurisdiction under the federal Constitution, and claim is made that the jurisdiction of the state statute is exclusive.

[1, 2] Chapter 100, Act Feb. 9, 1909, 35 Stat. p. 614 (Comp. St. 1916, §§ 8800–8801f), provides that all importation of opium shall be unlawful, but allows importation of other than smoking opium for medicinal purposes under regulations. It provides that importation, concealment, receipt, or sale of opium known to be imported contrary to law makes the opium contraband, and the person subject to punish-ment. It provides that possession shall be presumptive evidence suf-ficient to authorize conviction unless the possession is explained to the satisfaction of the jury.

Chapter 9, 38 Stat. p. 275, Act Jan. 17, 1914, adds certain sections, but does not change the foregoing. Section 3 as added provides that smoking opium found after July 1, 1913, shall be presumed to have been imported after April 1, 1909, and the burden of proof is on the accused to rebut the presumption. Section 4 has to do with pos-session on a vehicle or vessel bound for the United States, unless the opium is reported to the master. Section 8 makes the vessel liable if the opium is found on the vessel and not shown by the manifest.

The Act of December 17, 1914, 38 Stat. p. 785 (Harrison Law), provided, under section 8 (Comp. St. 1916, § 6287n), that it should be unlawful for any person not registered to have in his possession "such drugs." The various cases under this statute, which sought to make mere possession of opium an absolute offense, were decided because of the difficulties presented in cases brought under the laws which had previously been passed, but in the case of U. S. v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, the Supreme Court of the United States held that the words "such drugs" referred only to those specified under the registration section, and that the pre-sumptive evidence of possession justified conviction only for such pos-session as would be legal under the registration or prescription sec-tions.

The present case charged willful and conscious concealment of smok-ing opium by the defendant, with knowledge that the opium had been imported into the United States contrary to law. It is laid under sec-tion 2 of the Act of January 17, 1914, being chapter 9 of the Laws of 1914. The provisions of this section are exactly the same as when passed in 1909, but we have in addition the provisions of section 3 that the opium itself is presumed to have been imported illegally, and the burden of rebutting that presumption is on the defendant as well as the burden of explaining his possession so as to relieve himself of knowledge as to the importation. This leaves the defendant in the sit-uation of being liable to an accusation that he was in the possession of

material presumed to be contraband and presumed to have been brought into the country unlawfully, unless he can show either a certificate or clear chain of title and history of the article, carrying it back of a possible contraband source. There seems to be no reason to hold that the law is unconstitutional. Brolan v. U. S., 236 U. S. 216, 35 Sup. Ct. 285, 59 L. Ed. 544.

The acts involved in this case are all subsequent to the passage and existence of the statute of which the defendant must have had knowledge and by which he is bound. The effect of the law is to put upon every person in the United States the burden of refusing to deal with what is upon its face contraband, unless he can show its innocent character. If, under those circumstances, he takes into his possession an article which is thus labeled contraband, he commits a violation of the statute which renders him liable to punishment unless thereafter he can save himself by obtaining the proof which he should have required before purchasing the article.

The basis of jurisdiction of the United States must be regulation of either interstate or foreign commerce. The charge of unlawful importation is therefore necessary to take the case out of the ordinary police regulation of a state. Mere possession of an article injurious to health would not render a person liable to a United States statute unless some constitutional basis for the statute gives the United States the right to regulate upon the subject.

The Brolan Case, supra, disposes of the objection that the only United States jurisdiction is based upon the so-called presumption. See, also, U. S. v. Yee Fing (D. C.) 222 Fed. 154.

As was said in the latter case, the defendant is dealing with something which he knows is under the ban of the law, in the use of which he will be committing a crime which can be punished under the United States law unless he can show clearly an innocent history of the article which he is using and as to which he is made to undergo no hardship, if he be held in accordance with the laws which were in force at all times during the transaction. It might take slight evidence to rebut the presumption and to leave the matter one which could be disposed of only under the state jurisdiction.

[3] The federal jurisdiction is not exclusive. As in the case of the White Slave Act (Act June 25; 1910, c. 395, 36 Stat. 825 [Comp. St. 1916, §§ 8812–8819]), the existence of some real basis for the application of interstate commerce jurisdiction should be considered by those officers of the government on whom rest the responsibility for instituting prosecution.

The cases should not be taken from the states and the jurisdiction of the United States made exclusive where Congress has not so legislated as to indicate that the jurisdiction of the United States is exclusive of that of the state. N. Y. Cent. R. Co. v. Winfield, 37 Sup. Ct. 546, 244 U. S. 147, 61 L. Ed. 1045, and So. Pac. Co. v. Jensen, 37 Sup. Ct. 524, 244 U. S. 205, 61 L. Ed. 1086, decided in the Supreme Court of the United States in June, 1917.

The present case is evidently on the border line, in that the defendant has long been a resident of the United States, he obtained the opium

in question from a source that has no apparent connection with any direct importation, and his offense is of such a nature that it would be within the discretion of the United States attorney to allow it to be dealt with under the health and penal statutes of the state, regulating the welfare of the individual, rather than under interstate or foreign transportation of opium and its use as such. But jurisdiction over the case does exist, and if the man be brought into the United States court and does not rebut, to the satisfaction of a jury, the presumption under which he comes within the United States law, sentence should be imposed in accordance with the gravity of the offense.

The objection will be overruled, and the defendant required to plead.