BAENDER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919. Rehearing Denied December 1, 1919.)

No. 3285.

COUNTERFEITING ⊙⟜16—CRIMINAL INTENT INFERRED FROM POSSESSION OF COUNTERFEIT DIES.

Under Criminal Code, § 169 (Comp. St. § 10339), making it an offense for any person without lawful authority to have in his possession any die in likeness or similitude as to the design or inscription of any die designated for making United States coins, a criminal intent is to be inferred from such unlawful possession, and need not be averred in the indictment.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; M. T. Dooling, Judge.

Criminal prosecution by the United States against Charles L. Baender. Judgment of conviction, and defendant brings error. Affirmed.

Charles L. Baender, of Oakland, Cal., and Nathan C. Coghlan, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error pleaded guilty and was sentenced upon an indictment which charged that at a date and place named he did then and there unlawfully, willfully, knowingly, and feloniously and without lawful authority have in his possession six complete steel dies, each of which was then and there in the likeness and similitude as to the design and the inscription thereon of a die designated for the coining and making of the genuine Indian head design gold coins of the United States, that had theretofore and are now coined at the mints of the United States, and known as and called $5 pieces or half eagles. The plaintiff in error by writ of error seeks to review the judgment, and he contends that the judgment is void for the reason that the indictment fails to allege an offense against the United States, in that it contains no averment that the plaintiff in error had possession of the dies with the intent to defraud, or to use the same in making counterfeit coins. The statute under which the indictment is brought is Act March 4, 1909, c. 321, § 169, 35 Stat. 1120 (Comp. St. § 10339), which provides that:

"Whoever, without lawful authority, shall have in his possession any such die, hub or mold, or any part thereof, or shall permit the same to be used for or in aid of the counterfeiting of any of the coins of the United States hereinbefore mentioned, shall be fined," etc.

Act Feb. 10, 1891, c. 127, § 1, 26 Stat. 742, which was in force prior to the enactment of the act of 1909, had denounced as unlawful the possession of the prohibited dies, etc., with intent to fraudulently or unlawfully use the same. In amending the law by the later act, the report of the committee on revision shows that the words "with intent to fraudulently use the same" were "intentionally dropped from the statute"; the committee believing that a person who has in his possession dies which may be used for counterfeiting any coin shall be required to show that his possession is lawful, and that the government should not be required to prove that he has them in his possession with the intent to use them fraudulently and unlawfully for counterfeiting. Congress evidently intended that the unlawful possession of such dies should be sufficient evidence to warrant a conviction, unless the accused could explain the possession to the satisfaction of the jury.

The statute here involved has analogy to Act Jan. 17, 1914, c. 9, 38 Stat. 275, amending Act Feb. 9, 1909, c. 100, 35 Stat. 614 (Comp. St. 1918, §§ 8800–8801f), and providing that possession of imported opium shall be deemed sufficient evidence to warrant conviction, unless the defendant shall explain the possession to the satisfaction of the jury. Under that statute convictions have been sustained on proof of possession; the courts ruling that the statute provides for a presumption of prima facie proof of the offense which, while sufficient to sustain a verdict of guilt, may or may not be sufficient to satisfy the jury of the guilt of the accused, applying the doctrine of Luria v. United States, 231 U. S. 9, 34 Sup. Ct. 10, 58 L. Ed. 101, where it was held that the establishment of a presumption from certain facts prescribes a rule of evidence, and not one of substantive right, and that if the inference is reasonable, and opportunity is given to controvert the presumption, it is not a denial of due process of law. United States v. Yee

Fing (D. C.) 222 Fed. 154; United States v. Ah Hung (D. C.) 243 Fed. 762; Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498.

It is true that, in all cases in which a specific intent is made part of the offense by the statute creating it, it must be alleged, but in cases where the act includes the intent it is sufficient to charge the offense in the language of the statute, and the intent will be inferred. 22 Cyc. 329; King v. Philipps, 6 East, 464; People v. Butler, 1 Idaho, 231; People v. O'Brien, 96 Cal. 171, 31 Pac. 45; State v. McBrayer, 98 N. C. 623, 2 S. E. 755; Commonwealth v. Hersey, 2 Allen (Mass.) 173, 180. In the case last cited it was said:

"When by the common law, or by the provision of a statute, a particular intention is essential to an offense, or a criminal act is attempted, but not accomplished, and the evil intent only can be punished, it is necessary to allege the intent with distinctness and precision, and to support the allegation by proof. On the other hand, if the offense does not rest merely in tendency, or in an attempt to do a certain act with a wicked purpose, but consists in doing an unlawful or criminal act, the evil intention will be presumed and need not be alleged, or, if alleged, it is a mere formal averment, which need not be proved."

In enacting the statute under which this indictment is brought, Congress intended that it should express all the elements of the crime, and that the prosecution, having shown the unlawful possession by the accused, should not be required to prove what was in the latter's mind as to future use of the things so possessed, and that a criminal intent is to be inferred from the unlawful possession.

It is well settled that under the section of the statute which makes unlawful the forging of coins it is unnecessary to allege an intent. United States v. Otey (C. C.) 31 Fed. 68; United States v. Russell (C. C.) 22 Fed. 390; United States v. Peters, 2 Abb. (U. S.) 494, Fed. Cas. No. 16,035. But counsel for the plaintiff in error attempts to distinguish the present case by asserting that the offense which is here charged is not an act of the accused, so that intention may be imputed to it. To this we cannot agree. To have possession is to maintain in physical control, and it implies both will and action on the part of the possessor. Kaye v. United States, 177 Fed. 147, 100 C. C. A. 567, is not in point. That case arose under the statute of February 10, 1891.

The plaintiff in error admitted by his plea in the court below the truth of the indictment. We hold that the indictment is sufficient to sustain the judgment. People v. White, 34 Cal. 183; Sutton v. State, 9 Ohio, 133; Reg. v. Harvey, 11 Cox, C. C. 662.

The judgment is affirmed.