## BRAM v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. July 11, 1922.)

#### No. 5520.

Poisons ☞9—Unexplained possession of grips containing narcotics held to sustain conviction as a dealer or distributor thereof.

In prosecution for being a dealer or distributor of narcotics, in violation of Harrison Anti-Narcotic Act, § 8 (Comp. St. § 6287n), evidence that defendant was arrested while in possession of two traveling grips containing 35 ounces of morphine and 75 ounces of cocaine, worth, when sold unlawfully, from $120 to $175 an ounce, and that he had the keys therefor, held sufficient to sustain conviction as a "dealer" or "distributor," within the statute, in the absence of an explanation of his possession thereof, or contention that he was a drug addict, or came within any of the classes excepted in such statute.

Munger, District Judge, dissenting.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

David Bram, alias Alfred Phillips, was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Arthur L. Oliver, Edward A. Raithel, and Verne R. C. Lacy, all of St. Louis, Mo., for plaintiff in error.

Sam O. Hargus, Sp. Asst. U. S. Atty., of Kansas City, Mo. (J. W. Sullinger, U. S. Atty., of King City, Mo., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. Error from conviction for violation of section 8 of the Harrison Anti-Narcotic Act (Act Dec. 17, 1914, 38 Stat. 789 [Comp. St. § 6287n]).

The sole contention urged here is the insufficiency of the evidence to establish that accused was a "dealer" or a "distributor," within the meaning of the law. Accused was arrested at the Union Station at

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kansas City, just after he had received two traveling grips, filled with morphine and cocaine, at the check stand. His entire defense was that the grips did not belong to him, and he had no knowledge of the contents, but had been requested by an acquaintance to get them for him. Accused properly concedes, in the printed brief, the sufficiency of the evidence to sustain the finding that he was the owner of the grips and contents. However, the contention is made that the facts entirely fail to establish that accused was a "dealer" or "distributor." The evidence showed that accused had recently arrived in Kansas City; had, the day of his arrest, rented an apartment for a month, and had gone to the station for his baggage; that, when arrested, he had keys to the grips; that the grips contained 35 ounces of morphine and 75 ounces of cocaine, worth, when sold unlawfully, from $120 to $175 an ounce. There was no pretense or claim that accused was a drug addict, or that he came within any of the classes excepted in section 8 of the act. The unexplained possession of such an amount of these drugs under the circumstances shown by the evidence was ample to sustain a verdict that accused was a dealer or distributor within the section.

As this is the sole error urged, the judgment is affirmed.

MUNGER, District Judge, dissents.