## BRIGHTMAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 24, 1925.)

No. 6769.

1. **Poisons** ⬢⇒9—**Presumption of purchase of drugs arises from possession and absence of tax-paid stamps.**

In prosecution for unlawful purchase of drugs under Harrison Anti-Narcotic Act, §§ 1, 6, as amended by Revenue Act 1918, §§ 1006, 1007 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), presumption of purchase arises, when it appears that drug was in possession of defendant and appropriate tax-paid stamps were absent therefrom.

**2. Constitutional law ⬌311—Government may provide by appropriate legislation that proof of one specified fact shall constitute prima facie evidence of another fact.**

It is within the power of the government to enact rules of evidence by legislation, providing that proof of one specified fact shall constitute prima facie evidence of another fact.

**3. Criminal law ⬌336—In order to sustain conviction for purchase of drugs, government must prove venue.**

In order to sustain a conviction for unlawful purchase of drugs under Harrison Anti-Narcotic Act, §§ 1, 6, as amended by Revenue Act 1918, §§ 1006 and 1007 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), the presumption of purchase arising from the possession of drugs by defendant and absence of tax-paid stamps thereon was not sufficient to convict, but it was necessary for the United States, under the Sixth Amendment to the United States Constitution, to prove the venue of the crime.

**4. Criminal law ⬌323—Possession of drugs in one district did not raise presumption that purchase was in same district.**

There was no such connection between the fact of possession of morphine in one district and the fact of purchase of it in the same district as to make former prima facie evidence of latter, inasmuch as common experience does not support such presumption.

**5. Criminal law ⬌1036(1)—Defendant did not waive lack of proof of venue by government, by not calling attention to it at trial.**

In prosecution for unlawful purchase of drugs under Harrison Anti-Narcotic Act, §§ 1, 6, as amended by Revenue Act 1918, §§ 1006 and 1007 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), defendant did not waive government's lack of proof of venue by not calling attention to it at trial.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Pete Brightman was convicted of unlawfully purchasing narcotics not in or from the original stamped packages, and he brings error. Reversed.

Elbridge G. Wilson, of Tulsa, Okl. (James H. Sykes, of Tulsa, Okl., on the brief), for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, was tried and convicted on an indictment charging him with having unlawfully purchased, on the 8th day of September, 1923, in Osage county, Okl., a certain derivative of opium, to wit, morphine; the same not being purchased in or from the original stamped package. Upon a second count charging unlawful sale, verdict was directed in defendant's favor.

The indictment was drawn under the Harrison Narcotic Law (act of December 17, 1914, as amended by sections 1006 and 1007 of the Revenue Act of 1918, 40 Stat. 1130 [Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l]). Section 1 of the act (Comp. St. Ann. Supp. 1919, § 6287g) provides:

"It shall be unlawful for any person to purchase * * * any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

The main undisputed facts are as follows: Two government informers, working under a government narcotic agent, approached the defendant in the city of Tulsa, in the Eastern district of Oklahoma, and told him they wished to buy some morphine, an ounce then, possibly more later. Defendant said that he would not deliver it in town. He thereupon called a taxicab, and told the driver where to take the two informers, and said that he would follow shortly. They were driven in the cab 5 or 6 miles northwest of the city to a roadhouse in Osage county, in the Western district of Oklahoma. A few minutes later defendant came up, and, after some further conversation, went behind a shed, a short distance from the house, and dug from the ground a small box which contained an ounce of morphine. He delivered it to the informers. They paid him $45 for it, took it back to Tulsa, and delivered it to the narcotic agent.

On the foregoing facts and others, not material to the present inquiry, the trial court directed a verdict in favor of defendant on the sale count, on the ground that the agents of the government caused the defendant to do the act constituting the offense. We are not here concerned with that ruling. The judgment now under review is based on the charge against the defendant of purchasing, not selling.

[1] There was no direct evidence in the record of any purchase by the defendant, and the trial court so charged the jury. The government relied, however, for proof of the purchase, upon the presumption or prima facie evidence provided in the section of the statute above quoted. This presumption arises when the following facts appear:

First, finding the drug in the possession of the defendant; second, absence of appropriate tax-paid stamps from the drug. In the instant case there was evidence from which the jury might find both of these two essential facts.

[2] It has long been settled that legislation providing that proof of one specified fact shall constitute prima facie evidence of another fact is within the general power of government to enact rules of evidence. Luria v. United States, 231 U. S. 9, 25, 34 S. Ct. 10, 58 L. Ed. 101; Mobile, etc., R. R. v. Turnipseed, 219 U. S. 35, 43, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463; Bailey v. Alabama, 219 U. S. 219, 238, 239, 31 S. Ct. 145, 55 L. Ed. 191; Jones v. Union Guano Co., 264 U. S. 171, 180, 44 S. Ct. 280, 68 L. Ed. 623; People v. Cannon, 139 N. Y. 32, 43, 34 N. E. 759, 36 Am. St. Rep. 668; Commonwealth v. Anselvich, 186 Mass. 376, 379, 71 N. E. 790, 104 Am. St. Rep. 590. And especially is this true in the class of cases of the character of the one at bar. Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. ——; Gee Woe v. United States, 250 F. 428, 162 C. C. A. 498; United States v. Yee Fing (D. C.) 222 F. 154; United States v. Ah Hung (D. C.) 243 F. 762; Baender v. United States, 260 F. 832, 171 C. C. A. 558; Fiunkin v. United States (C. C. A.) 265 F. 1; Dean v. United States (C. C. A.) 266 F. 694; Pierriero v. United States (C. C. A.) 271 F. 912; James v. United States (C. C. A.) 279 F. 111; Bram v. United States, 282 F. 271 (this court); Willsman v. United States, 286 F. 852 (this court); Wong Lung Sing v. United States (C. C. A.) 3 F. (2d) 780.

[3] The presumption of the statute alone, however, was not sufficient for conviction. Before the defendant could properly be convicted, it was necessary for the government to go further and prove that the venue was the Western district of Oklahoma. This was a prerequisite to a conviction, and the foundation of this prerequisite is contained in the Sixth Amendment to the Constitution of the United States, which provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." Wharton Crim. Ev. (10th Ed.) § 106a; Vernon v. United States, 146 F. 121, 76 C. C. A. 547 (this court); Moran v. United States (C. C. A.) 264 F.

768; Underwood v. United States (C. C. A.) 267 F. 412; Tuckerman v. United States (C. C. A.) 291 F. 958, 967.

In the Vernon Case, this court said: "Under this constitutional provision, the venue is as material as any other allegation in the indictment, and the burden to prove it rests upon the government."

It might be claimed that the prima facie evidence arising under the statute renders proof of the venue unnecessary. We do not think that the presumption or prima facie evidence of the statute includes the venue. The wording of the statute does not indicate such an intention on the part of Congress. The statute provides that "the absence of appropriate tax-paid stamps * * * shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

In the instant case, the violation of the section was the unlawful purchase alleged. The venue was not an element of the offense. It was an independent matter, necessary, however, to be alleged and proven. Furthermore, it might be open to grave doubt whether this provision of the statute, if construed broadly enough to include venue, could be upheld as valid. The validity test of such a presumption or rule of prima facie evidence is stated in the case of Mobile, etc., R. R. v. Turnipseed, 219 U. S. 35, 43, 31 S. Ct. 136, 138 (55 L. Ed. 78, 22 L. R. A. [N. S.] 226, Ann. Cas. 1912A, 463): "That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate."

See Cockrill v. California, 268 U. S. 258, 45 S. Ct. 490, 69 L. Ed. ——; Luria v. United States, supra; Bailey v. Alabama, 219 U. S. 219, 31 S. Ct. 145, 55 L. Ed. 191; People v. Cannon, 139 N. Y. 32, 34 N. E. 759, 36 Am. St. Rep. 668.

[4] In the case at bar there is in our judgment no such rational connection between the fact of possession of morphine in the Western district of Oklahoma and the fact of a purchase of it in that same district as to make the former prima facie evidence of the latter. Common experience does not support such a presumption.

[5] It is said, however, that, though there

was lack of proof of venue, yet the defendant waived it by not calling attention to it in the trial court. Ryan v. United States (C. C. A.) 285 F. 734; Tuckerman v. United States (C. C. A.) 291 F. 958, 967; Piacenza v. United States (C. C. A.) 293 F. 164; Jianole v. United States, 299 F. 496, 499 (this court). But in these cases no motion of any kind, raising the question of lack of proof of venue, was made in the lower court. In the case at bar a motion for a directed verdict for insufficiency of evidence was made and denied. Furthermore, it is not apparent that this entire lack of venue was merely an oversight which could have been easily remedied, if attention had been called to it. In view of the facts disclosed in the record, this fatal omission may very likely have been due to a known, inherent difficulty in producing such proof.

There are a number of other questions of minor importance raised by the assignments of error. On account of the view we have taken of the case, however, it is not necessary to discuss them, and, as they are not likely to occur on another trial, we omit such discussion.

For failure of proof of venue, the judgment must be reversed and it is so ordered.