## CRAMPTON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1926.)

No. 6884.

1. **Poisons ⬤⤳9—Evidence held to sustain conviction of sale of morphine (Harrison Anti-Narcotic Act [Comp. St. §§ 6287g–6287q]).**

Evidence *held* to sustain conviction for sale of morphine, in violation of Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q).

2. **Poisons ⬤⤳9—Proof of previous transactions is not necessary to show sale of narcotics (Harrison Anti-Narcotic Act [Comp. St. §§ 6287g–6287q]).**

In prosecution, under Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), for sale of morphine, proof of previous transactions is not necessary to conclusion that defendant was a dealer.

3. **Criminal law ⬤⤳761(10)—In prosecution for sale of morphine, instruction assuming defendant's possession of marked money held warranted.**

Evidence that defendant, after sale of morphine and appearance of officers, turned on water at sink and attempted to wash marked bills down drain, *held* to warrant assumption of court in instruction that defendant was in possession of such money.

4. **Poisons ⬤⤳9—Proof of possession of narcotics prima facie establishes possessor was dealer (Harrison Anti-Narcotic Act [Comp. St. §§ 6287g–6287q]).**

Under Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), possession of narcotics is evidence that possessor was a dealer, and makes out a prima facie case to that effect.

5. **Poisons ⬤⤳9—Evidence of possession of narcotics held to show defendant dealer.**

Evidence of defendant's sale of morphine *held* sufficient evidence of possession prima facie to show defendant a dealer.

6. **Poisons ⬤⤳9—Court's statements, intended to eliminate from case irrelevant matter concerning acts of officers in store where morphine was sold, held not error.**

Acts of officers, in disarranging or destroying property in store where sale of morphine was made, *held* immaterial, as affecting defendant's liability, and court's statements made in effort to eliminate such matters not prejudicial.

7. **Criminal law ⬤⤳1086(14)—To be reviewable, objections to instructions must be brought to attention of trial court and preserved in record.**

Objection to instruction must be brought to attention of trial court and properly preserved in record to warrant review.

Booth, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Agnes Crampton was convicted of possessing, selling, and purchasing narcotics, and she brings error. Affirmed.

W. B. Dickinson and A. D. Hillman, both of Kansas City, Mo., for plaintiff in error.

C. C. Madison, U. S. Atty., S. M. Carmean, Asst. U. S. Atty., and Harvey Roney, Asst. U. S. Atty., all of Kansas City, Mo.

Before STONE, KENYON, and BOOTH, Circuit Judges.

STONE, Circuit Judge. This is a writ of error from a conviction under the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q). The indictment was upon three counts alleging possession, sale and purchase respectively. The conviction was upon all three counts and the sentences were imprisonment for three years on each count, to run concurrently.

[1] The first error alleged is that of insufficient evidence to sustain the verdict. As the verdict was upon all three counts, as the only punishment was imprisonment, as the punishment on each count was the same and as the terms were to be served concurrently, it is unnecessary to examine this point further than to ascertain if there is sufficient testimony as to any count. We have no question that the evidence is sufficient as to the second count, which was for sale. The evidence was clear that a man named Gordon had been searched and sent with marked bills into this drug store; that three officers had remained in a position where they could observe him going into and remaining in the drug store until he came out, when he gave a prearranged signal; that upon receipt of this signal the three officers went at once into the drug store, finding defendant and several frequenters; that the informer had in his possession there a package of morphine unstamped; that defendant, after being told by one of the officers to sit down and remain seated, arose and rushed to a sink and turned on the water; that one of the officers ran to the sink and succeeded in rescuing several of the marked bills from the drain down which they had been washed an inch or so; that defendant had then stated to one of the officers that she thought she had been double-crossed and did not want to have any marked money found on her. This evidence was sufficient to prove a sale of this morphine by this defendant to the informer. The contention that the informer may have secured the morphine from one of the other persons found in the drug store is not to be taken very seriously. Not only is it absurdly

improbable, but defendant was caught trying to make way with the marked money.

[2-7] The other objections are to the charge of the court. The first of these objections is that the court assumed that the defendant was a dealer when that was a matter of proof and would have to be shown by evidence of previous transactions. Such is not the law, but, if it were, there was evidence introduced of other sales by accused to other persons. It is also objected that the court assumed that the defendant was in possession of the money because of her actions in connection with it. We think the court followed the evidence in this matter and that it would be impossible, rationally, to conclude, from the evidence, that she was not in possession of it. It is also objected that the charge was, in substance, that possession of narcotics as matter of law constituted the accused a dealer. Possession, under the statute, was evidence that accused was a dealer and made out a prima facie case to that effect. It is objected that there is no evidence of possession. This can hardly be true in face of the evidence concerning the purchase and the finding of the morphine in the possession of the informer. The matter of entrapment urged is not well taken, because the defendant specifically denied any reliance upon that defense; because there was no evidence of entrapment but on the contrary a showing that there was probable cause for the officers to believe accused was disposing of narcotics unlawfully; because this portion of the charge is correct. It is objected that the charge was unduly argumentative and prejudicial to the accused. It seems to us that the court did not exceed the proper limits of comment. Objection to the expressions of the court concerning the alleged acts of the officers in disarranging, if not destroying property while in the store, is not well taken. What the court tried, in his charge, to do was to eliminate from the issues of this trial these acts of the officers. Obviously, such was the duty of the court. However reprehensible these officers may have been in their acts in that respect, such acts had nothing to do with the guilt or the innocence of this accused and should not have been allowed to confuse or mislead the jury. We think the objections to the charge, which are urged, are not well taken. Another reason is that most of these objections were in no manner brought to the attention of the trial court or properly preserved in the record.

We think the convictions on the first and second counts, which are for possession and sale respectively, should be sustained. Probably the third count, for purchase, is properly sustainable on the basis of a prima facie case based on possession; but it makes no difference what may happen to any two of the three counts in the indictment because the sentences are identical and concurrent and if one count is good, the conviction should be sustained.

The judgment should be and is affirmed.

BOOTH, Circuit Judge (dissenting). I regret that I am unable to agree with the conclusions reached in this case by the majority of the court. My dissent is based upon what I consider serious errors in the charge of the court, which have heretofore in other cases been held by this court to be grounds for reversal. I shall mention some of them briefly, but shall not discuss them at length:

First, an erroneous statement as to the purpose of the Harrison Anti-Narcotic Law. The same error was pointed out by this court in the Nigro Case, 7 F.(2d) 553.

Second, general statements such as the following: "If you shall find and believe from this testimony that at any time within three years before the 3d day of January, 1924, Agnes Crampton, the defendant, had in her possession any quantity of morphine, then, gentlemen, upon that count of the indictment you should be justified in finding her guilty as charged in the indictment." There was testimony in the case tending to show possession by defendant of morphine other than that mentioned in the indictment, and at times other than the time mentioned in the indictment; but of course the defendant could not rightfully be convicted on this trial of any possession except the one charged in the indictment. The vice of such general statements was also pointed out in the Nigro Case.

Third, statements of which the following is an example: "If the jury should ascertain and believe from the testimony that she did unlawfully possess such drug, then so far as the third count is concerned you need go [no] further, but the law presumes without more ado that such unlawful possession resulted from an unlawful purchase, and if upon your consideration you should find her guilty on the first count of the indictment then it would follow that you should find her in like manner guilty upon the third count of the indictment." One error contained in such statement has been pointed out by this court in Di Salvo v. United States, 2 F.(2d) 222, holding that such a presumption is one of fact, not one of law. See also Lamento v. United States, 4 F.(2d) 901; Ezzard v. United States, 7 F.(2d) 808. Another error in such statement has been pointed out by this court

in Brightman v. United States, 7 F. (2d) 532, and in Cain v. United States, 12 F. (2d) 580, to the effect that the presumption of the statute alone is not sufficient for conviction.

The errors above pointed out, except the first, relate to the possession and purchase counts of the indictment; and the majority opinion seems to rest upon the assumption that the conviction on the sale count was not affected thereby. I cannot assent to this. It seems to me that the errors were so numerous and so broad in their scope that it cannot be fairly said that defendant was not prejudiced thereby; it cannot be fairly said that she had an impartial trial on any of the counts. Where such errors are involved, it is not incumbent on the defendant to show that she has been prejudiced, but the burden is on the government to show that she has not been prejudiced. In United States v. River Rouge Imp. Co., 269 U. S. 411, 421, 46 S. Ct. 144, 148 (70 L. Ed. 339) the Supreme Court used the following language: "An error which relates, not to merely formal or technical matters, but to the substantial rights of the parties—especially when embodied in the charge to a jury—is to be held a ground for reversal, unless it appears from the whole record that it was harmless and did not prejudice the rights of the complaining party."

In my opinion, the whole record in the case at bar does not show that the errors were harmless and did not prejudice the rights of the defendant. I therefore respectfully dissent.