## GONZALES v. UNITED STATES.
### No. 11285.

Circuit Court of Appeals, Ninth Circuit.
June 20, 1947.

Gladys Towles Root, of Los Angeles, Cal., for appellant.

James M. Carter, U.S. Atty., Ernest A. Tolin and William Strong, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Judgment was pronounced against Josephine Gonzales, appellant herein, after conviction on a count of an indictment charging her with violating the importation and exportation act, 21 U.S.C.A. § 174 (Narcotic Drugs), and on another count of the indictment charging her with violating the Harrison Anti-Narcotic Act, § 1(a), 26 U. S.C.A. Int.Rev.Code, § 2553(a).

By statement of her counsel in open session of this court, the issue here is the constitutionality of the acts under which her conviction was had. Her point is that the closing sentence of 21 U.S.C.A. § 174, wherein it is said possession of the narcotic drug "shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury" on its face authorizes the jury to adjudge its satisfaction of the explanation given upon its own whim or reason without any standard of or for measurement and thus unlawfully delegates the legislative function.

The point was inherent in the case of Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904. There the point was approached through a claim that the presumption of guilt, unless possession was explained to the satisfaction of the jury, in effect, made a defendant a witness against himself. The court, 268 U.S. at page 184, 45 S.Ct. at page 471, 69 L.Ed. 904, said: "The legislative provisions here

assailed satisfy * * * requirements in respect of due process. They have been upheld against similar attacks, without exception so far as we are advised, by the lower federal courts. Charley Toy v. United States, [2 Cir.], 266 F. 326, 329; Gee Woe v. United States, [5 Cir.], 250 F. 428; Ng Choy Fong v. United States, [9 Cir.], 245 F. 305; United States v. Yee Fing, D. C., 222 F. 154; United States v. Ah Hung, D.C., 243 F. 762, 764. We think it is not an illogical inference that opium, found in this country more than four years * * * after its importation had been prohibited, was unlawfully imported. Nor do we think the further provision, that possession of such opium in the absence of a satisfactory explanation shall create a presumption of guilt, is 'so unreasonable as to be a purely arbitrary mandate.' By universal sentiment, and settled policy as evidenced by state and local legislation for more than half a century, opium is an illegitimate commodity, the use of which, except as a medicinal agent, is rigidly condemned. Legitimate possession, unless for medicinal use, is so highly improbable that to say to any person who obtains the outlawed commodity, 'since you are bound to know that it cannot be brought into this country at all, except under regulation for medicinal use, you must at your peril ascertain and be prepared to show the facts and circumstances which rebut, or tend to rebut, the natural inference of unlawful importation, or your knowledge of it,' is not such an unreasonable requirement as to cause it to fall outside the constitutional power of Congress."

 A mere reading of the above-quoted language clearly shows that the satisfaction of the jury as to the explanation turns upon whether or not the possession was within the exceptions provided in the statutes. The standard is plainly set forth. Of course, the burden of proving guilt never shifts from the accuser, as is so well said in the last sentence of the quotation.

The judgment is affirmed.