E. H. WHITE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16845.

United States Court of Appeals Ninth Circuit.

Aug. 23, 1960.

Lynn Carman, San Francisco, Cal., for appellant.

Laurence E. Dayton, U. S. Atty., William P. Clancey, John Kaplan, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before STEPHENS, ORR and KOELSCH, Circuit Judges.

PER CURIAM.

Appellant was convicted of a violation of Section 174 of 21 U.S.C.A.[1] He complains that the evidence was insufficient to sustain the conviction, notwithstanding his admission of possession of the drug heroin and the Government's reliance on the presumption contained in said Section to the effect that possession of the narcotic drug shall be deemed sufficient evidence to authorize conviction unless the defendant explains that possession to the satisfaction of the jury.

The constitutionality of this provision of the law has been set at rest. Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; Gonzales v. United States, 9 Cir., 1947, 162 F.2d 870. Appellant at the trial in the District Court testified that the party from whom he received the heroin told him that he procured it in Los Angeles. He now asserts that this testimony was sufficient to remove the presumption contained in the statute and to establish that appellant could not have known that the drug was imported. Evidently the jury did not believe appellant and were not satisfied with this explanation, as is evidenced by their verdict of guilty.

Appellant next complains that the trial court erred in excluding from the evidence a certain document referred to as Exhibit A for identification. Exhibit A for identification is a certified transcript of a statement made by an assistant United States Attorney to appellant to the effect that the Narcotics Bureau recommended that appellant be released on less bail because of appellant's agreement to work as an informer. Appellant at the trial testified that a Narcotics Agent, one Feldman, offered certain inducements to get him to confess. Feldman denied the inducements. Appellant asserts that inasmuch as credibility was in issue as between him and Feldman the collateral statement made by the assistant United States Attorney —one week before the trial and sometime after the confession had been made, and in no way connected with Feldman— should have been admitted to bolster the

---

1. 21 U.S.C.A. § 174: "Whoever fraudulently or knowingly imports * * * or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * *, shall be imprisoned * * *.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

credibility of appellant. This contention has no merit. We take from appellant's closing brief a statement he bases on 3 Wigmore, Evidence § 978 (3rd ed. 1940) "that auxiliary policy prohibits proving credibility through evidence on a collateral fact." Appellant seeks to avoid the force of this rule of evidence by declaring that the Government failed to make its objection on this ground. This contention has no merit. The important point is that the ruling of the court was correct.

Complaint is made that government counsel in his argument to the jury made certain prejudicial statements. We have examined them and conclude that the argument was within a permissible area in view of the evidence before the jury.

Judgment affirmed.