## CLARK v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 4, 1917.)

No. 2931.

1. WITNESSES ⬿220—PRIVILEGED COMMUNICATIONS—PRELIMINARY QUESTIONS.

Though the letter be privileged, error cannot be predicated on the overruling of objection on that ground to the preliminary question to defendant whether the signature to the letter shown him was his.

2. POST OFFICE ⬿49—USE OF MAILS—FRAUDULENT SCHEME—EVIDENCE.

The indictment for using the mails to promote a fraudulent scheme, charging it to be to solicit from physicians the collection of accounts on percentage, and then to convert all the collections, admission in evidence of defendant's advertisement to sell a half interest in a business paying more than a certain amount per month, if tending to show, as it may, that he had made representations in the advertisement which he could make good only by appropriating collections in accordance with the scheme charged, is not reversible error.

3. CRIMINAL LAW ⬿901—MOTION TO DISMISS—WAIVER.

Defendant's motion, at the conclusion of the prosecution's evidence, to dismiss, was waived by introduction of evidence on his behalf, and by his failure to move for an instructed verdict at the close of the evidence.

---

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4.** CRIMINAL LAW ⟾1023(13)—APPEAL—REVIEW—DENIAL OF NEW TRIAL.
 The Circuit Court of Appeals cannot review denial of defendant's motion for new trial.

**5.** CRIMINAL LAW ⟾1054(1)—APPEAL—REVIEW—EXCEPTIONS.
 Rulings in admitting and refusing to strike evidence cannot be reviewed; exceptions not having been taken thereto.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Marion McMillan Clark, indicted as M. M. Clark, was convicted, and brings error. Affirmed.

Oliver J. Marston and Walter A. Ham, both of Los Angeles, Cal., for plaintiff in error.

Albert Schoonover, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was convicted upon an indictment which charged him, under section 215 of the federal Penal Code (Comp. St. 1916, § 10385), with the offense of using the United States mails to promote a scheme to defraud. He, together with two others, had entered into a copartnership known as the Physicians' Protective Association, for the purpose of soliciting from and collecting for physicians, surgeons, and dentists outstanding accounts on a percentage basis, and the indictment charged that the scheme was fraudulent in that, disregarding such agreement with the physicians, surgeons, and dentists.to collect upon commission, the purpose and intention of the defendants was to appropriate and convert to their own use all or any part of such collections as they desired.

[1] The plaintiff in error assigns as error that the court below overruled his objection to the question which was asked him:

"I hand you here a letter, and ask you to look at the signature of that letter and say whether or not it is your signature."

The objection was that the letter was a privileged communication between attorney and client. If the assignment were directed to the admission of a letter which was a privileged communication between attorney and client, a question would be presented for our determination. But, as it is, nothing is brought before us except the bare fact that the plaintiff in error was asked whether he had signed a cerain letter. That question was but preliminary, and no error can be predicated upon the ruling of the court in permitting it to be answered.

[2] It is assigned that the court erred in overruling the objection of the plaintiff in error to the admission in evidence of a certain exhibit, to which objection was made that it was irrelevant, incompetent, and immaterial. That exhibit was an advertisement published by the plain-

tiff in error on August 27, 1914, while he was carrying on the business of the Physicians' Protective Association. So far as it is material to the case, it contained the following:

"For Sale.—One-half interest in an exclusive business now paying more than $250 per month. Will pay buyer $75 per month, and divide profits above that amount."

It is contended that the advertisement tended to show that the plaintiff in error had committed an offense other than that with which he was charged in the indictment. There is nothing in the terms of the advertisement itself to show the commission of an offense. It may have tended to show, and probably it was introduced for that purpose, that the plaintiff in error had made representations in his advertisement which he could make good only by appropriating collections, in accordance with the scheme charged in the indictment. If so, its admission was not reversible error.

[3] Error is assigned to the denial of the motion of plaintiff in error to dismiss at the conclusion of the plaintiff's testimony. To this it is sufficient to say that the motion was waived by the introduction of evidence on behalf of the plaintiff in error, and his failure to move for an instructed verdict at the close of the evidence.

[4] The assignment that the court erred in overruling the motion of plaintiff in error for a new trial presents no question that this court can review. That proposition is so well settled as to make the citation of authorities unnecessary.

[5] In the brief of the plaintiff in error, other alleged errors in the admission of evidence, and the refusal of the court to strike evidence from the record, are discussed; but no exceptions were taken to the rulings of the court below, and we cannot consider them.

The judgment is affirmed.