## UNITED STATES v. HOYT.

(District Court, S. D. New York. November 9, 1917.)

1. POISONS ⬦2—HARRISON ANTI-NARCOTIC ACT—VALIDITY.

    The Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q) is not unconstitutional.

2. POISONS ⬦9—HARRISON ANTI-NARCOTIC ACT—INDICTMENT.

    Though Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), declares that nothing in the section shall apply to registered physicians who distribute narcotics in their professional practice, *held*, that an indictment, though averring that defendant was a registered physician, charged a violation of section 2, in that he sold and dispensed heroin not in his professional practice, and in that the sale was not made in pursuance of a written order on a blank issued by the Commissioner of Internal Revenue.

3. INDICTMENT AND INFORMATION ⬦71, 125(3)—POISONS ⬦9—CERTAINTY— DUPLICITY.

    An indictment charging a violation of Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), in that defendant sold and dispensed heroin, not on a written order on a blank issued by the Commissioner of Internal Revenue, *held* not uncertain, ambiguous, and duplicitous, though it was averred that the defendant was a registered physician.

Daniel J. Hoyt was indicted for violating the Harrison Anti-Narcotic Law, by selling less than an ounce of heroin, which sale was not made in pursuance of a written order, etc., on a form issued in blank for that purpose by the Commissioner of Internal Revenue. On demurrer to the indictment. Demurrer overruled.

John E. Walker, Asst. U. S. Dist. Atty., of New York City, for the United States.

Carl E. Whitney, of New York City, and N. L. Johnson, for defendant.

McCALL, District Judge. Stripped of its technical verbiage, the offense charged in the indictment is that Daniel J. Hoyt was a dealer in and dispenser of opium, coca leaves, and their salts, derivatives, and compounds, and that he sold, bartered, dispensed, and distributed to J. B. Williams less than an ounce of heroin, which sale was not made in pursuance of a written order from the person to whom the heroin was sold, bartered, dispensed, and distributed, on a form issued in blank for that purpose by the Commissioner of Internal Revenue; that is to say, it is charged that the defendant sold, bartered, dispensed, and distributed heroin on an order therefor, other than on an order made on the form issued by the Commissioner of Internal Revenue.

A demurrer is filed to the indictment, and the following grounds are assigned:

    (1) That Act Dec. 17, 1914, c. 1, 38 Stat. 785, is unconstitutional.

    (2) and (3) That there is no offense charged in either count of the indictment.

    (4) That the indictment is uncertain, ambiguous, and duplicitous.

[1] I deem it unnecessary to say more of the first ground than that it is overruled.

[2] As to the second and third grounds, the question for decision is: Did the Harrison Anti-Narcotic Law (Act Dec. 17, 1914, c. 1, 38 Stat.

785 [Comp. St. §§ 6287g–6287q]) permit Hoyt, on the facts alleged in the indictment, to sell, barter, dispense, or distribute heroin upon any order other than one written on a blank form issued for that purpose by the Commissioner of Internal Revenue?

It is insisted for the defendant that the indictment also charges that he was a "physician registered with the collector of internal revenue as the law requires, and therefore paragraph 1 of section 2 of the act, on which the indictment is based, does not apply to him, since subsection (a) of section 2 (Comp. St. § 6287h) provides that nothing contained in section 2 shall apply to physicians registered under the act, who dispense and distribute narcotics in the course of their professional practice only, provided the physician does certain other things not material here. This is true, and is important, in that it might be fatal to the indictment, if the pleader has not worded it so as to render the exception inapplicable.

As we understand paragraph 1, § 2, it does not apply to registered physicians who dispense or distribute narcotics in the course of their professional practice only. But that is the precise thing the defendant is charged with not having done. The legal presumption in favor of the defendant, as a registered physician, that he complied with the law, in that he dispensed and distributed narcotics in the course of his professional practice only, is expressly negatived by the charge that he did not limit his operations to the course of his professional practice only.

[3] In the fourth ground of demurrer it is said that the indictment is uncertain, ambiguous, and duplicitous. True, it is averred that the defendant was, at the time of the commission of the alleged offense, a "registered physician," and it is insisted, from the language used, that it is not certain whether he is being prosecuted for violating the law as it relates to him as a physician dispensing and distributing narcotics, as contradistinguished from him as an individual engaged in selling, bartering, exchanging, and giving away the drug.

We think if the language used by the pleader is confusing in the slightest degree it may and should be treated as surplusage. To us it is clear that, although a physician may be properly registered, that fact would not necessarily prevent him from violating paragraph 1, § 2, of the act, for he might and could use the fact that he was registered as a cloak to do the very things charged against him in this case; that is, notwithstanding he was a registered physician, he sold, bartered, dispensed, and distributed the drug while not acting in the course of his professional practice only.

This case is clearly distinguishable from United States v. Friedman (D. C.) 224 Fed. 276, cited by defendant. There are other questions raised by the demurrer, but I need not discuss them. I understand the ruling in this case goes, also, in United States v. Hoyt, No. 4283.

The demurrer is overruled.