GEE WOE v. UNITED STATES. .

(Circuit Court of Appeals, Fifth Circuit. April 10, 1918. Rehearing Denied
May 24, 1918.)

No. 3206.

1. CRIMINAL LAW ⬤⟶307—EVIDENCE—PRESUMPTION—STATUTES—VALIDITY.
 Act Jan. 17, 1914, c. 9, 38 Stat. 275, amending Act Feb. 9, 1909, c. 100,
 35 Stat. 614 (Comp. St. 1916, §§ 8800–8801f), prohibiting the importation of
 smoking opium after April 1, 1909, which declares it unlawful to re-
 ceive or conceal imported opium after importation knowing it to have
 been imported contrary to law, provides that possession of imported opium
 shall be deemed sufficient evidence to warrant conviction unless explained
 to the satisfaction of the jury, and declares that after July 1, 1913, all
 smoking opium within the United States shall be presumed to have been
 imported contrary to law, and that the burden is on the accused to rebut
 the presumption, is valid; it being within the power of Congress to de-
 clare such rebuttable and explainable presumptions.

2. CUSTOMS DUTIES ⬤⟶121—UNLAWFUL IMPORTATION—STATUTES—AMENDMENT.
 The Harrison Drug Act (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St.
 1916, §§ 6287g–6287q]), imposing a special tax on all persons who pro-
 duce, import, manufacture, compound, deal in, dispense, sell, distribute, or
 give away opium or coca leaves or their derivatives, did not in any way
 affect Act Jan. 17, 1914, c. 9, amending earlier Act Feb. 9, 1909, c. 100, pro-
 hibiting the importation of smoking opium, and declaring a presumption
 of the illegality of the importation of such opium.

3. CUSTOMS DUTIES ⬤⟶134—UNLAWFUL IMPORTATION—OPIUM—EVIDENCE.
 In a prosecution for receiving and concealing smoking opium after im-
 portation, knowing it to have been imported in violation of Act Feb. 9,
 1909, c. 100, as amended by Act Jan. 17, 1914, c. 9, evidence held suffi-
 cient to warrant a finding that accused was in possession of the opium.

4. CRIMINAL LAW ⬤⟶992—TRIAL—SENTENCE.
 Where accused was convicted and sentenced on two counts, and the
 sentence was within the competency of the court to impose for the offense
 charged in the first count, it will be referred to that count, if the latter
 count be found unsupported by proof.

5. CRIMINAL LAW ⬤⟶878(4)—VERDICT—INCONSISTENCY.
 A conviction on a charge of being a dealer in opium without having
 registered, etc., is not inconsistent with an acquittal on a charge of mak-
 ing a particular sale; for the jury might well have believed that the sale
 laid was not proven, but that defendant was a dealer.

6. POISONS ⬤⟶9—OFFENSES—BURDEN OF PROOF.
 A dealer in narcotic drugs has the burden of showing registry and
 payment of special tax imposed by the Harrison Act.

7. POISONS ⬤⟶4—OFFENSES—HARRISON ACT.
 For an unregistered dealer in opium to have possession of opium is a
 violation of Harrison Act, § 8 (Comp. St. 1916, § 6287n).

In Error to the District Court of the United States for the Eastern
District of Louisiana; Rufus E. Foster, Judge.

Gee Woe was convicted of receiving and concealing three tins of
smoking opium after importation, knowing the same to have been im-
ported in violation of Act Feb. 9, 1909, c. 100, as amended by Act Jan.
17, 1914, c. 9, and of being a dealer in opium without having registered
and paid the tax required by Act Dec. 17, 1914, c. 1, and defendant
brings error. Affirmed.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

'Nicholas G. Carbajal and Theodore E. Roehl, both of New Orleans, La., for plaintiff in error.

Joseph W. Montgomery, U. S. Atty., and Nicholas Callan, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. Plaintiff in error was tried on an indictment, which contained three counts. He was acquitted on the second count, and it requires no further consideration. The first count charged him with receiving and concealing three tins of smoking opium, after importation, knowing the same to have been imported in violation of the act of February 9, 1909, as amended by the act of January 17, 1914. The third count charged him with being a dealer in opium, and with not having registered and paid the special tax as required by the act of December 17, 1914.

[1-3] The plaintiff in error insists the evidence in the record does not warrant a conviction under either count of the indictment. The first count charged defendant with having received and concealed three tins of smoking opium, after importation, knowing it to have been imported contrary to law. The evidence relied upon by the government to convict upon this count was that tending to show that defendant had in his possession, just before his arrest, three tins of smoking opium. Section 1 of the amending act of January 17, 1914 (38 Statutes at Large, 275), prohibits the importation of smoking opium without exceptions after April 1, 1909. Section 2 makes it unlawful to receive or conceal imported opium, after importation, knowing it to have been imported contrary to law, and provides that possession of imported opium shall be deemed sufficient evidence to warrant conviction, unless the defendant explains the possession to the satisfaction of the jury. Section 3 (Comp. St. 1916, § 8801a) provides that after July 1, 1913, all smoking opium within the United States is presumed to have been imported after April 1, 1909, and hence contrary to law, and the burden is on the accused to rebut the presumption. If these provisions of the act of January 17, 1914, are valid and unrepealed, the government made a prima facie case, if it introduced evidence tending to show that defendant had possession of the three tins of smoking opium. That presumptions of this and like kind, rebuttable and explainable by the accused persons, are within the competency of Congress to create, is well settled. Luria v. U. S., 231 U. S. 9–25, 34 Sup. Ct. 10, 58 L. Ed. 101; United States v. Yee Fing (D. C.) 222 Fed. 154. That nothing contained in the act of December 17, 1914 (Harrison Act; 38 Statutes at Large, 786), has the effect of repealing the provisions cited of the act of January 17, 1914 (chapter 9, 38 Stat. 275), appears from the express disclaimer of any such intent on the part of Congress in section 12 of the Harrison Act. Nor is there any inconsistency between the provisions of that act, the act of January 17, 1914 (chapter 10, 38 Stat. 277), regulating the manufacture of smoking opium, and the act in question. There is nothing in either of these acts which makes lawful the importation of smoking opium into this coun-

try. Nor is there any language in the opinion of the Supreme Court in the case of United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, that casts doubt on the power of Congress, as a regulation of foreign commerce, to prohibit the importation of smoking opium and to make possession of smoking opium after a fixed date evidence tending to show that it was imported contrary to law, and known to be so by the possessor. The doubt expressed was as to the power of Congress to declare the possession of opium per se a crime, at least such, if any, as might be produced in one of the states of the United States. If, therefore, the record contained any evidence tending to show that defendant was in possession of the three tins of smoking opium just before his arrest, it was for the jury to determine his guilt or innocence under the first count of the indictment. We think the evidence in the record, if credited, abundantly establishes his possession. It is true no eyewitness saw the three tins on his person or premises. They were found on the adjoining premises, near the dividing fence, on the ground. It is testified that the defendant answered the knock of the raiding officers by coming to the door and then putting out the lights, without admitting the officers. It is testified he was next seen returning from the back yard, next to where the three tins were found, to his house; that on a couch, which showed evidence of recent occupancy, a pipe, still warm, was found; that the defendant had an opium pill on his person; that the globe of the lamp of the pipe was found just over the fence with the three tins of opium; and that it too was still warm. The time was between 2 and 3 in the morning. These facts, if credited, taken in connection with the suspicious conduct of defendant, would justify a strong inference that defendant was the recent occupant of the couch, and the smoker of the pipe, and that the man who occupied the couch and smoked the pipe and who had been in the back yard was the man who placed the three tins and the warm globe where they were found by the officers in the adjoining back yard. The weight to be attached to the denial of the defendant that he was the man was for the jury to determine, which they have done adversely to him.

[4-7] The plaintiff in error also contends that the evidence did not warrant a conviction upon the third count, which charged him with being a dealer, and not having registered and paid the special tax, and being in possession of the three tins of opium. As the sentence was within the competency of the District Court to impose for the offense charged in the first count, it would be referred to that count, if the third count were held to be unsupported by the proof. The contention as to this count is that the jury, after acquitting the defendant upon the second count, which charged a sale against him, could not consistently convict him upon the third count, which charged him with being a dealer. If the inconsistency existed, it would be no ground for disturbing the conviction on appeal, if the record contains evidence to support the third count. The claim of inconsistency is, however, plausible, but not sound. The defendant might be shown to be a dealer either by evidence of sales made by him or by evidence tending to show that he held himself out as engaging in the business

of dispensing the drug. His being a dealer might well have been inferred from his suspicious conduct and from his receiving visitors at unreasonable hours, and the character of his premises and their occupants, though the jury were unconvinced that the particular sale relied upon by the government to sustain the second count of the indictment was in fact made. If the defendant was a dealer, the burden was upon him to show registry and payment of the special tax. 15 Ruling Case Law, § 159, p. 394. If he was an unregistered dealer, his possession of the three tins of opium, if the jury were satisfied of it, was a violation of section 8 of the Harrison Act, as charged in the third count of the indictment.

We find no error in the record, and the judgment is affirmed.