## UNITED STATES v. DENKER et al.

### SAME v. BERNSTEIN et al.

(District Court, E. D. New York. August 16, 1918.)

1. POISONS ⟜2—HARRISON NARCOTIC ACT—CONSTRUCTION.

Harrison Narcotic Act, § 8 (Comp. St. § 6287n), making it unlawful for any person who has not registered and paid the special tax to have in his possession any of the drugs named, applies only to the classes of persons required by the act to register and pay the tax.

2. POISONS ⟜2—HARRISON NARCOTIC ACT—CONSTITUTIONALITY.

Harrison Narcotic Act (Comp. St. §§ 6287g–6287q) is constitutional.

Criminal prosecutions by the United States against Morris Denker and Hyman Morganstein and against Samuel Bernstein and Nathan Horowitz. On demurrer to indictments. Demurrers overruled, except as to one charge in second case, which is sustained.

Melville J. France, U. S. Atty., and Charles J. Buchner, Asst. U. S. Atty., both of Brooklyn, N. Y., for the United States.

K. Henry Rosenberg, of New York City, for defendants.

GARVIN, District Judge. These two cases were argued at the same time and may be disposed of together.

[1] The defendants have demurred to the indictments, claiming that Act Dec. 17, 1914, 38 Stat. 785, c. 1 (Comp. St. §§ 6287g–6287q), known as the Harrison Drug Law, is unconstitutional. The defendants Denker and Morganstein are charged in one indictment with having violated sections 1 and 2 of the act. The defendants Bernstein and Horowitz by a second indictment are charged with violating sections 1, 2, and 8. The demurrer of the defendants Bernstein and Horowitz to the second charge (a violation of section 8) must be sustained. United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854.

[2] The defendants all claim that the entire Harrison Law is unconstitutional, under the authority of United States v. Doremus (D. C.) 246 Fed. 958, a decision of the District Court for the Western District of Texas. Subsequently the law has been declared constitutional by the District Court for the Southern District of New York. United States v. Jacob Rosenberg (decided July 17, 1918) 251 Fed. 963. A decision has also been rendered by the United States Circuit Court of Appeals for the Seventh Circuit in Arthur L. Blunt v. United States of America, 255 Fed. 332, —— C. C. A. ——, by which the last paragraph of section 2 has been held unconstitutional, but the first part of that section has been held constitutional. To the same effect are United States of America v Hoyt, 255 Fed. 927, United States District Court, Southern District of New York, November 9, 1917, and United States v. Jin Fuey Moy, 253 Fed. 213, United States District Court, Western District of Pennsylvania, November term, 1917.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

. . A statute constitutional in part only will be upheld as to what is constitutional, if it can be separated from the unconstitutional provisions. Presser v. Illinois, 116 U. S. 252, 6 Sup. Ct. 580, 29 L. Ed. 615. I am of the opinion that the weight of authority is substantially in favor of upholding the constitutionality of this law, except so far as section 8 is concerned.

The demurrers, therefore, will be overruled, except the demurrer of the defendants Bernstein and Horowitz to that part of the indictment which charges a violation of section 8 of the law, in which respect the demurrer of these two defendants is sustained.