### DEAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3459.

**Poisons ⊜⇒9—Indictment for unlawful sale of narcotic sufficient.**

> An indictment charging defendant with purchasing, selling, and distributing cocaine from a certain tin box, which was not the original stamped package containing said cocaine, and that he had such box containing cocaine, which did not bear appropriate tax-paid stamps in his possession, *held* to state an offense, under Harrison Antinarcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), making such purchase or sale, except from original stamped packages, an offense, and possession of unstamped packages prima facie evidence of such offense.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Criminal prosecution by the United States against Harry Dean. Judgment of conviction, and defendant brings error. Affirmed.

See, also, 266 Fed. 695.

Warren L. Williams and Seymour S. Silverton, both of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted on two counts of an indictment, which charged him with violation of the Harrison Narcotic Act, as amended by Act Feb. 24, 1919, 40 Stat. 1057, and sentences of imprisonment for terms to run consecutively were imposed by the court. No demurrer or other objection was interposed to the indictment in the court below, but it is now contended that the first count is fatally defective for failure to state facts sufficient to constitute an offense. Act Feb. 24, 1919, provides in part as follows:

> "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found." Comp. St. Ann. Supp. 1919, § 6287g.

The first count charged:

> That the plaintiff in error did knowingly, etc., "purchase, sell, dispense, and distribute cocaine in and from a certain tin box, which said tin box was not then and there the original stamped package containing said cocaine."

The count goes on:

"That is to say, the said defendant" did have in his possession the said tin box containing cocaine, consisting of about one-half an ounce, and that the "said tin box then and there containing said cocaine did not then and there bear and have affixed thereon appropriate tax paid stamps as required by the act of Congress approved December 17, 1914, known as the Harrison Narcotic Law."

The plaintiff in error contends that no offense against the act as amended is involved in the charge that the plaintiff in error had cocaine in his possession, and that a violation of the statute can only be committed by purchasing, dispensing, and distributing narcotics from packages which have not affixed thereon appropriate tax paid stamps. It may be conceded that the purpose of the statute is to prohibit the purchase, sale, and distribution of narcotics; but it is also clear that it provides that prima facie proof is made of the violation of the statute by evidence that the accused had the possession of prohibited narcotics to which are not affixed appropriate tax paid stamps. In this respect the offense is not dissimilar to some other offenses against the United States, such as the offense of having in possession dies adaptable to counterfeiting (Baender v. United States [C. C. A.] 260 Fed. 832), or having possession of imported opium (Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498). We find no merit in the objection to the indictment, nor is there merit in the contention that the term "original stamped package," as used in the act of 1919 is meaningless. Its meaning is made sufficiently clear by the terms of the act and the amendment thereto.

The judgment is affirmed.