## JAMES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 7, 1922.)

No. 3716.

1. **Poisons ⬅⇒9—Evidence held admissible in prosecution for sale of narcotics.**

Under an indictment for illegal sale of morphine to a person named, the testimony of such person, offered by the prosecution that defendant gave him morphine without charge, and also gave him a quantity to be delivered to another for a price which he collected and paid to defendant *held* admissible.

2. **Poisons ⬅⇒9—In prosecution for illegal sale of narcotics proof of nonregistration held not essential.**

In a prosecution under Harrison Anti-Narcotic Act, § 1 (Comp. St. § 6287g), for dealing in narcotics without having registered and paid the special tax, where it is shown that defendant had the drugs in his possession and sold the same, under section 8 of the act (Comp. St. § 6287n), proof of his nonregistry is not essential.

3. **Criminal law ⬅⇒661—Proof of meaning of "morphine" not required in prosecution for its illegal sale.**

Under an indictment for violation of Harrison Anti-Narcotic Act, § 1 (Comp. St. § 6287g), by selling morphine without being registered as a dealer, proof that morphine is a derivative of opium and within the act is not required; the word having a well-known meaning.

[Ed. Note.—For other definitions, see Words and Phrases, Morphine.]

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Criminal prosecution by the United States against R. D. James. Judgment of conviction, and defendant brings error. Affirmed.

A. S. Baskett, of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (Herman L. Arterberry and Ben P. Allred, both of Fort Worth, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error was convicted on each of the four counts of the indictment, each of which charged a violation of section 1 of the Harrison Anti-Narcotic Act (U. S. Comp. St. § 6287g), in that he, without registering and paying the prescribed tax, sold to a named person "about one ounce of morphine, the exact amount being to the grand jurors unknown, the said morphine being a salt and derivative of opium."

[1] The sale alleged in the second count was to L. H. Rice. Rice was examined as a witness for the prosecution. The court overruled an objection of the defendant to the part of the testimony of this witness to the effect that the witness, under the direction of the defendant, delivered morphine received from the defendant to an unnamed and unidentified negro, who gave the witness money therefor, which money witness delivered to the defendant. That ruling was not erroneous. That part of the testimony of the witness was admissible, especially when it is considered in connection with another part of his testimony.

⬅⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

He testified that at the time of the alleged transactions with the negro the defendant was giving the witness morphine and not charging him for it. It was open to the jury to disbelieve the part of the testimony of the witness which referred to the unnamed negro, and to find that the transaction testified to was a sale to the witness, or to find that in furnishing other morphine to the witness the defendant sold it; the price being the rendition of service by the defendant in effecting the sale to the negro.

[2] There was an absence of evidence in reference to the defendant registering and paying the tax. The defendant excepted to a part of the court's charge to the jury to the effect that, in the absence of any proof on the subject, the allegations of the indictment in that regard are presumed to be true. That ruling was not erroneous. If the defendant was a dealer, the burden was upon him to show registry and payment of the special tax. His possession of opium, or a compound, manufacture, salt, derivative, or preparation thereof, was presumptive evidence of a violation of section 1 of the act. U. S. Comp. St. § 6287n; Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498.

[3] It is contended that the overruling of the defendant's request for an instructed verdict of not guilty was erroneous, because of the absence of any evidence tending to prove that morphine is opium, or a compound, manufacture, salt, derivative, or preparation thereof. The word "morphine" is in common use, and means a kind of drug covered by the statute. It was not necessary to adduce evidence to prove the meaning of the word, the meaning of which may be assumed to have been known to the jury. Hughes v. United States, 253 Fed. 543, 165 C. C. A. 213.

There is no error in the record. The judgment is affirmed.