### SWARTZ v. UNITED STATES.

### CHUNG v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 3, 1922.)

Nos. 3712, 3787.

Poisons ⬿9—Charge of possession of narcotics without registering must allege accused was required to register.

Harrison Narcotic Act, § 8 (Comp. St. § 6287n), making it an offense for a person not registered as required by section 1 (section 6287g) to have possession of narcotics, applies only to those who are required by section 1 of the act to register, so that an indictment charging failure to register and possession is insufficient if it fails to allege that defendant was one who was required to register, though section 8 makes proof of possession without registration sufficient to cast the burden of proof on the defendant.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. Swartz and Charlie Chung were separately convicted of having possession of narcotics without having registered as provided by the Harrison Narcotic Law, and each defendant brings error. Judgment of the District Court in each case reversed.

William K. Jackson and I. A. Zacharias, both of Jacksonville, Fla., for plaintiff in error Swartz.

J. N. Morris and R. T. Dewell, both of Jacksonville, Fla., for plaintiff in error Chung.

William M. Gober, U. S. Atty., Maynard Ramsey, Asst. U. S. Atty., and Damon G. Yerkes, Sp. Asst. U. S. Atty., all of Jacksonville, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The defendant Swartz was found guilty under two counts of an indictment; the first charging a failure to register and having unlawfully in possession 25 grammes of morphine, and the second a like failure to register and an unlawful possession of a certain amount of cocaine. The defendant Chung was found guilty under an indictment which charged him with not having registered as provided by the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), and not being authorized to produce, import, manufacture, compound, deal in, dispense, sell, or give away opium or their salts, and having unlawfully in his possession and under his control 10 grains of opium. Neither indictment charged either defendant with doing or intending to do any of the things specified in the act as requiring a license for their lawful performance.

It is insisted in this court that neither indictment, nor count, states an offense against the United States; that the Harrison Narcotic Act is a revenue statute, and the offense consists in the failure of those to register and pay the tax, who produce, import, manufacture, compound, deal in, dispense, sell, or give away opium, etc., as specified in the first section of the act (section 6287g); that the offense denounced in the eighth section is the possession by those who are required to register, and not possession generally by all persons; and that an indictment which charges unlawful possession by one not registered, without alleging that he was one of the class required to register, charges no offense against the United States.

We think that the objection is good and that the indictments are fatally defective. The offense is not the possession of the morphine or cocaine, but the possession for some of the purposes for which registration is required, without having registered and paid the tax; and while proof of possession, under section 8 of the act (section 6287n), casts the burden of proof upon the defendant (Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498), the indictment charges no violation of the act, unless it charges that the possession was for a purpose for which registration is required, and that the accused had not registered. This we understand to be the decision of the United States Supreme Court in the case of United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. To this effect are the following cases: United States v. Bernstein (D.

C.) 255 Fed. 339; United States v. Carney (D. C.) 228 Fed. 163; United States v. Woods (D. C.) 224 Fed. 278.

The judgment of the District Court in each case is therefore reversed.