## ROBINSON v. UNITED STATES.

(Court of Appeals of District of Columbia.   Submitted February 5, 1923.   Decided April 3, 1923.)

### No. 3863.

1. **Indictment and information** ⬤⟹130, 132(7)—**Separate offenses under Anti-Narcotic Act may be charged in separate counts, and no election is required.**

   Separate and distinct violations of Harrison Anti-Narcotic Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), and Act Nov. 23, 1921, § 1005, and section 2 (Comp. St. § 6287h), may be properly consolidated in a single indictment under Rev. St. § 1024 (Comp. St. § 1690), authorizing several charges for two or more acts or transactions connected together, or of the same class of offenses to be joined in one indictment in separate counts, and it was not error to refuse the motion of accused to compel the prosecution to elect between the several counts of the indictment, and also between the various separate averments contained in each count thereof.

2. **Poisons** ⬤⟹9—**Evidence narcotics were found outside defendant's house held relevant.**

   In a prosecution for violating Harrison Anti-Narcotic Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), and Act Nov. 23, 1921, § 1005, evidence that narcotics were found outside defendant's house under a strip of weather boarding was relevant, as tending to show defendant's possession of the narcotics, and her denial of knowledge of their presence affected only the weight of the evidence, and not its competency.

3. **Criminal law** ⬤⟹1169(10)—**Poisons** ⬤⟹9—**Burden is on defendant to prove registration as authorized to sell narcotics and payment of tax, and admission of evidence harmless.**

   In a prosecution for violating Harrison Anti-Narcotic Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), and Act Nov. 23, 1921, § 1005, the burden is on defendant to prove registration and payment of the tax, in view of the express provision of section 8 of that act (Comp. St. § 6287n), so that a conviction will not be reversed because testimony by a witness that defendant was not registered was admitted over the objection that the records were the best evidence.

Appeal from the Supreme Court of the District of Columbia.

Sylvia Robinson was convicted of violating the Harrison Anti-Narcotic Act, and she appeals.   Affirmed.

Robert I. Miller and James A. O'Shea, both of Washington, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice.   This is an appeal from the Supreme Court of the District of Columbia.   The appellant, then the defendant, was tried and found guilty upon an indictment charging her with violating the Harrison Anti-Narcotic Act, § 1, 38 U. S. Stat. 785, as amended 40 U. S. Stat. 1130 (Comp. St. Ann. Supp. 1919, § 6287g), and 42 U. S. Stat. 298.   She was sentenced to three years' imprisonment.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The indictment contained six counts. The first was laid under section 1 of the act, charging with venue and scienter that defendant, between March 1 and Arpil 25, 1921, did import, manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away opium and coca leaves, and derivatives thereof, without having registered with the collector of internal revenue of the district, and without having paid the special license tax as required by law. The second count was laid under section 2 of the act (Comp. St. § 6287h), charging that defendant, on April 1, 1921, did sell, barter, exchange, and give away, a certain derivative of coca leaves, to wit, 5 grains of cocaine hydrochloride, to one Cornelius Shepard, without a written order from him upon a form issued for that purpose by the Commissioner of Internal Revenue. The third count, laid under section 1 of the act as amended, charged that on April 1, 1921, the defendant did purchase, sell, dispense, and distribute coca leaves and derivatives thereof, to wit, 5 grains of cocaine hydrochloride, otherwise than in or from an original stamped package. The fourth count was in the same language as the second, except that the time was April 3, 1921. The fifth count was in the same language as the third, except that the time was laid as of April 3, 1921. The sixth count charged that the defendant, on April 5, 1921, did purchase, sell, dispense, and distribute, 15 grains of morphine sulphate and 40 grains of cocaine hydrochloride, otherwise than in or from the original package duly stamped. The defendant was convicted upon the first five counts of the indictment, and acquitted upon the sixth.

[1] The first assignment of error is based upon the refusal of the trial court to require the government to elect as between the several counts of the indictment, and also as between the various separate averments contained in each count thereof. This assignment is overruled. It is true that each count of the indictment charges a separate and distinct violation of the Harrison Act, nevertheless the charges were properly consolidated in a single indictment under section 1024 of the Revised Statutes (Comp. St. § 1690). Pointer v. U. S., 151 U. S. 396, 400, 14 Sup. Ct. 410, 38 L. Ed. 208; Williams v. U. S., 168 U. S. 382, 390, 18 Sup. Ct. 92, 42 L. Ed. 509; Kleindienst v. U. S., 48 App. D. C. 190, 199; Caudle v. U. S. (C. C. A.) 278 Fed. 710, 712; De Jianne v. U. S. (C. C. A.) 282 Fed. 737, 741; Corbin v. U. S. (C. C. A.) 264 Fed. 659. The objection to the separate counts of the indictment is also overruled upon the authority of Crain v. U. S., 162 U. S. 625, 636, 16 Sup. Ct. 952, 40 L. Ed. 1097; Boone v. U. S., 257 Fed. 963, 966, 169 C. C. A. 113. See citations, 22 Cyc. 380.

[2] The second assignment of error is based upon the admission of evidence to the effect that a search was made of the defendant's premises under a search warrant, and that nine decks of cocaine and three capsules of morphine were found "outside the house under a strip of weather boarding." The defendant as a witness in her own behalf denied any knowledge of the articles. We think that the evidence was relevant, since it tended to prove possession and control of narcotics by the defendant. In Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498, it appeared that three tins of smoking opium were found just before defendant's arrest, on the adjoining premises, on

the ground near the dividing fence. No eyewitness saw the tins on the defendant's premises nor in his personal possession. These facts, together with suspicious behavior upon the defendant's part at the time of his arrest, and the attending circumstances, were admitted in evidence in proof of an indictment under the Harrison Act. In State v. Ross, 168 N. C. 130, 83 S. E. 307, the evidence disclosed that 225 packages of cocaine had been found upon defendant's premises, in a little scuttle hole over the kitchen door, covered by a picture. This was held to be competent evidence as to defendant's possession of narcotics. It is true that the defendant offered no evidence upon the subject; but, while that fact would affect the weight of the evidence, it would not affect its competency. It was of course for the jury to decide, upon a consideration of all the evidence, as to the weight to be given to that in question.

[3] The third assignment of error also relates to the admission of certain testimony over defendant's objection. The first count of the indictment contained the averment that, at the time of the offense charged therein, the defendant was not registered as one who was authorized to sell narcotics. The other counts, however, were complete without that averment. At the trial the government undertook to prove the absence of registration by means of a witness who testified that he had made an examination of the records of the internal revenue bureau at Baltimore, Md., and that the defendant was not registered there as one who was authorized to sell narcotics. The defendant objected and excepted to the testimony, claiming that the official records themselves should have been produced in order to establish the absence of such a registration. In answer to this, however, the courts have held, under section 8 of the Harrison Act (Comp. St. § 6287n), that at the trial of an indictment under section 1 of the act, after the government has introduced evidence tending to prove all the other elements of the charge, the burden of proof in respect to registration and payment of the tax rests upon the defendant.

In James v. United States (C. C. A.) 279 Fed. 111, 112, the court said:

"There was an absence of evidence in reference to the defendant registering and paying the tax. The defendant excepted to a part of the court's charge to the jury to the effect that, in the absence of any proof on the subject, the allegations of the indictment in that regard are presumed to be true. That ruling was not erroneous. If the defendant was a dealer, the burden was upon him to show registry and payment of the special tax. His possession of opium, or a compound, manufacture, sale, derivative, or preparation thereof, was presumptive evidence of a violation of section 1 of the act. U. S. Comp. St. § 6287n; Gee Woe v. United States, 250 Fed. 428, 162 C. C. A. 498."

See, also, United States v. Wilson (D. C.) 225 Fed. 82; Gee Woe v. U. S., 250 Fed. 428, 162 C. C. A. 498; Fiunkin v. U. S. (C. C. A.) 265 Fed. 1, 3; James v. U. S., 279 Fed. 111, 112; Fyke v. U. S., 254 Fed. 225, 165 C. C. A. 513, 516; 15 R. C. L. § 159, p. 394.

The judgment is affirmed, with costs.