## MONTAGUE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 17, 1923.)

No. 4030.

1. **Poisons ⟐⟐9—Burden of showing payment of special tax on dealer in narcotics.**

Under Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), a dealer in narcotic drugs has the burden of showing registration and payment of the special tax.

2. **Criminal law ⟐⟐394—Testimony as to drugs found on person in freight car held properly admitted.**

In a prosecution for the illegal sole of narcotic drugs, testimony by a railroad special agent as to the contents of a pack sack found in accused's possession when he was discovered in a freight car, and as to the name he saw on accused's bill fold, *held* properly admitted, though witness had not obtained a search warrant.

3. **Criminal law ⟐⟐901—Where evidence introduced after denial of directed verdict, ruling cannot be considered on appeal.**

Where defendant, after his motion for directed verdict at the close of prosecution's case was denied, introduced evidence, the merits of the motion could not be considered on appeal.

4. **Criminal law ⟐⟐1156(1)—Denial of new trial not reviewable on error.**

An order denying a new trial is not reviewable on writ of error.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Dominic Constantine Montague was convicted of illegally selling narcotic drugs, and he brings error. Affirmed.

W. B. McFarland, of Cœur d'Alene, Idaho, and Neil C. Bardsley, of Spokane, Wash., for plaintiff in error.

E. G. Davis, U. S. Atty., and John H. McEvers, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was convicted under an indictment which charged that, at a certain time and place within the jurisdiction of the trial court, he did—

"deal in, dispense, sell, and distribute certain compounds and derivitives of opium and coca leaves, to wit, morphine sulphate and cocaine hydrochloride, without first having registered with the collector of internal revenue for the district of Idaho his name and place of business and place or places where such business was to be carried on, as required by law."

[1] The plaintiff in error contends that the government failed to prove "a sale, and failed to prove that the defendant did not register with the collector of internal revenue for the district of Idaho." It is apparent from the record that neither of those things was proved, but we think it quite clear that the government was not obliged to prove either of them. While the indictment alleged a sale, it also alleged, in effect, that the defendant thereto was at the time and place designated a dealer in the narcotics described, and we think the evi-

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dence introduced by the government amply sufficient to support the verdict of the jury on that issue. Being a dealer, the burden was upon the defendant to show registry and payment of the special tax, if such had been made. Act Cong. Dec. 17, 1914, as amended by Act Feb. 24, 1919 (1919 Supplement, vol. 1, p. 1231, § 6287g); Gee Woe v. United States, 250 Fed. 428, 431, 162 C. C. A. 498; James v. United States (C. C. A.) 279 Fed. 111, 112.

[2] At the trial, a witness named Holtz, who was a special agent of the Great Northern Railway, was offered by the government, and testified, in substance, that he was with one of its freight trains on the night of April 5, 1921, and that while that train was on a side track at Coburn, Idaho, about 1 a. m., waiting for a passenger train to pass, he walked along the freight train to look over the cars, to see whether they were all right, and that in doing so he found one of the car doors closed, but with no seal on it, and that upon opening the door and using his flash light, he saw a man and a boy and a bundle that looked like a pack sack in the car.

"I asked them," said the witness, "where they were going, and this man [afterwards identified as the defendant in the case and plaintiff in error here] spoke up and said he was going to Spokane. I says, 'Here's a good place to get out and start walking.' He walked over toward the door. I had the flash light on him, and he walked over towards the door and pulled out his bill fold and says, 'I am a brakeman,' and he handed me the bill fold."

The witness said:

"It contained a brakeman's card. On the card was 'Dominic Constantine, Kalispel Division, Great Northern Railway, brakeman.'"

Being asked what was next said between the two, the witness answered:

"I says: 'If you are a brakeman, there is no need of your riding up here in this car. Why don't you get in the caboose? Go on back and get that pack sack and get out. Q. What did the defendant do? A. He went back and got the pack sack, and brought it out and set it down in front of me in the car door, and as he set it down he turned and jumped out of the car on the other side,"

—and ran, the witness, shooting several times, and calling to him to stop, which he did not do, but continued running through the brush. The witness testified that he then took the pack sack up to the engine, unlocked it, and, examining its contents, found therein 8 bottles of morphine and 32 bottles of cocaine. The plaintiff in error assigns as error the action of the trial court in permitting Holtz to testify to the name he saw on the bill fold and to the contents of the pack sack, without having obtained a search warrant. We think it plain that there was no error in the ruling in either respect.

[3, 4] We should have no difficulty in disposing of the motion for a directed verdict in favor of the defendant to the indictment on the merits, but are precluded for the reason that, after its denial by the court upon the conclusion of the government's case, evidence was introduced on behalf of the defendant, and the motion was not renewed thereafter. See Clark v. United States, 245 Fed. 112, 157 C.

C. A. 408; Thlinket Packing Co. v. United States, 236 Fed. 109, 149 C. C. A. 319, and cases there cited. That an order of the trial court denying a new trial is not reviewable on writs of error is also well settled. Lueders v. United States, 210 Fed. 419, 127 C. C. A. 151; Ryan et al. v. United States (C. C. A.) 283 Fed. 975.

The judgment is affirmed.

⊗⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes