## WYGANT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
May 25, 1925. Rehearing Denied
June 29, 1925.)

No. 4491.

1. **Indictment and information** ⟨=⟩110(3)—Indictment under Harrison Narcotic Act held sufficient in form.

Indictment under Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), charging that defendant, with others, did at certain time and place, knowingly, willfully, unlawfully, and feloniously manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away drugs named without having registered and paid special tax, held, sufficient in form.

2. **Poisons** ⟨=⟩9—Conviction for unlawful dealing in drugs sustained.

Evidence of attempt to sell held sufficient to sustain conviction under Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), for dealing in drugs without having registered and paid tax.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

John Wygant was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Writ of error by Wygant to review a judgment of conviction under section 1 of the Act of December 17, 1914, as amended by Act of February 24, 1919, § 1006, commonly known as the Harrison Anti-Narcotic Act (Comp. St. Ann. Supp. 1919, § 6287g).

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

S. J. Silverman and Thomas Mannix, both of Portland, Or., for plaintiff in error.

George Neuner, Jr., U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

HUNT, Circuit Judge. The indictment charged that Wygant, with certain other persons, did, on May 17, 1924, at Portland, Or., knowingly, willfully, unlawfully, and feloniously manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away a certain compound, salt, derivative, and preparation of opium, to wit, a quantity of morphine, without having registered and paid the special tax, as required by act of Congress.

[1] Error is assigned upon the ground that the indictment charges several crimes, without indicating the particular one with which defendant is charged; that it does not state the name of the person to whom an alleged sale was made; that there was no evidence of a sale or of defendant dealing in morphine. On the authority of Stubbs v. United States (C. C. A.) 1 F.(2d) 837, the indictment is sufficient.

The evidence of the government was that Wygant, with others, had broken into a certain drug store and obtained a quantity of compounds containing morphine; that afterwards Wygant told Rosebrook, a co-defendant, that he had some narcotics he wanted to get rid of, and asked Rosebrook to aid him in selling them; that later Wygant delivered the narcotics to Rosebrook, who in turn transferred them to Abrams, another defendant, with the understanding that Abrams should try to sell the drugs; that later the drugs were taken to the out-

skirts of the city and hidden, where there-after they were found by the police officers. There was further evidence that some of the packages contained heroin, others contained codeine, and others contained morphine, atropine, and diacetylmorphine, and morphine sulphate, several of which drugs, so a chemist testified, were commonly known as morphine.

[2] While there was no evidence that a sale was made, there is evidence that defendant came into possession and attempted through another to sell some of the packages which contained derivatives and preparations of opium, commonly and commercially known as morphine. He was dealing in the drugs, but was not registered, and had not paid the tax required under the statute. Fiunkin v. United States (C. C. A.) 265 F. 1; Montague v. United States (C. C. A.) 294 F. 277; James v. United States (C. C. A.) 279 F. 111.

The judgment is affirmed.