

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS           AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXXXXX~~RD
ATTORNEY GENERAL


Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

                                     Opinion No. O-6389
                                     Re: Would a person be permitted
                                         to transport liquor from a
                                   wet county to friends in a dry
                                   county without a permit?
                                   May the State forfeit an automo-
                                   bile which was not seized at the
                                   time the liquor was found?

       Your request for this department's opinion on the following facts
and questions reads in part as follows:

       "That on or about July 20th, 1944, A was driving his
automobile upon the streets of Olney, Young County, Texas.
The deputy sheriff of Young County, Texas, saw the car and
saw what they thought was whiskey and beer on the back seat
of the car. There were four men riding in the car, includ-
ing the driver. Three of them were intoxicated. The depu-
ty sheriff and the city marshall approached the car to make
an investigation and found that they had seven quarts of
whiskey and four cases of beer in the car. The officers
seized the whiskey and beer and arrested A, who was very
drunk, and permitted the others to go home. They placed A
in jail at Graham, Young County, Texas. They did not seize
the automobile at that time. The County Attorney's office
filed a complaint and information on A for 'possession of
whiskey for purpose of sale.' About two weeks later the
County Attorney's office filed a charge of 'illegal trans-
portation of liquor.' A and his companions at the time of
arrest claimed joint ownership of the whiskey to the extent
that each one owned a quart of whiskey and that they brought
three quarts back for other friends living in the town and
that they were bringing a case of beer each to their friends
in Olney, naming them as B and three others.

       "Question 1: Under the law would A be permitted to
transport liquor to these friends without a permit?

       "Question 2: Would A be permitted to transport the
liquor for his friends riding with him in the car without
a permit?

"Question 3: Could the sheriff, with the proper papers, confiscate the automobile now or after the trial of the criminal case where it was not seized at the time that whiskey was seized? In other words, if it were seized, must it be seized at the time the liquor was found?" (Substitution of names in personal letter was made by this department.)

We have carefully considered the above stated questions and in answer to Numbers 1 and 2 direct your attention to Article 666-27(a) of Vernon's Annotated Penal Code, which provides as follows:

"Sec. 27(a) - It shall be unlawful for any person to transport into this state or upon any public highway, street, or alley in this State any liquor unless the person accompaning or in charge of such shipment shall have present and available for exhibition and inspection, a written statement, furnished and signed by the shipper, showing the name and address of the consignor and the consignee, the origin and destination of such shipment, and such other information as may be required by rule and regulation of the Board. It shall be the duty of the person in charge of such shipment, while the same is being transported, to exhibit such written statement to the Board or any of its authorized representatives or to any peace officer making demand therefor, and it shall be unlawful for any person to fail or refuse to exhibit the same upon such demand. Such written statement shall be accepted by such representative or office as prima facie evidence of the lawful right to transport such liquor." (Emphasis added)

We believe the above emphasized section manifests in clear and unambiguous wording the legislative intent to render it unlawful for any person to transport liquor without the prescribed written statement from the shipper. Therefore, we answer your questions Numbers 1 and 2 in the negative.

We have found no Texas decisions bearing on your third question, but in view of the fact that Article 666-44, V.A.P.C., relating to the seizure and forfeiture of automobiles is patterned after and borrows heavily from the former Federal provision of the Volstead Law (Section 26), passed on October 20, 1919, 41 Stat. 315, we are of the opinion that the case of United States v. Slusser, 270 Fed. 816, construing said section of the Volstead Law is controlling.

Article 666-44, Vernon's Annotated Penal Code, reads in part as follows:

"It is further provided that if any wagon, buggy, automobile, water or air craft, or any other vehicle is used for the transportation of any illicit beverage or any equipment designed to be used for illegal manufacturing of illicit beverages, or any material of any kind which is to be used in the manufacturing of illicit beverages, such vehicle together with all such beverages, equipment, or material shall be seized without warrant by any representative of the Board or any peace officer who shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested and all principals, accomplices, and accessories to such unlawful act, in any court having competent jurisdiction; . . ." (Emphasis added)

Section 26 of the Federal Volstead Law reads in part as follows:

"Sec. 40. When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction: . . ." (Emphasis added)

The case of United States v. Slusser, Supra, on page 820, headnote 6, sets out the essential elements in the forfeiture of an automobile under Section 26 of the Volstead Law as follows:

"(6) Third, as to the right of restitution: The forfeiture of an automobile, under the twenty-sixth section of the Volstead Law, must be in strict pursuance to the terms thereof. United States v. Hydes (D.C.) 267 Fed. 471; the Goodhope, 268 Fed. 694. The following elements are essential:

"(1) That an officer of the law discover some person in the act of illegally transporting liquor in a vehicle.

"(2) The seizure of the liquor so transported or possessed.

"(3)  The seizure of the vehicle and arrest of the person.

"(4)  That the officer proceed against the person and retain the vehicle, unless redelivered to the owner, upon giving bond to return it to the custody of the officer on the day of trial to abide the judgment of the court.

"(5)  Conviction of the person and order of sale of the vehicle.

"(6)  Distribution of the proceeds.

"The highest degree of evidence, viz: that an officer of the law perceive some person in the act of illegal transportion, is necessary. Seizure of the vehicle can only be made when liquor is seized. The law does not forfeit all vehicles at some time used for illegal transportation of liquor, but only those taken in the act. One may be convicted of illegal transportation, yet the vehicle will not be forfeited, unless seized at the time. U. S. v. Hydes, supra. The seizing officer is to have the vehicle in possession on the day of the trial of the person arrested, to abide the judgment in the same proceeding. Should the defendant be acquitted, the automobile must be released, for it is only upon conviction that its sale may be ordered." (Emphasis added)

Thus, in answer to your third question, it is our opinion that the automobile must be seized at the time the liquor is found.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Benjamin Woodall
Assistant

By /s/ Bob Maddox
Assistant

BM:db:jrb:egw

APPROVED MAY 22, 1945
/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

Approved: Opinion Committee
By GWB, Chairman